## Foquet *against* Hoadley.

*June 21.*  Treasury notes are not money or cash; nor will evidence of one support an allegation regarding the other.

THIS was an action on a promissory note, dated at *Plattsburgh*, the 9th of *June*, 1815, in and by which, the defendant promised the plaintiff, to pay to him, for value received, the sum of 129 dollars, and 14 cents, on demand.

The defendant pleaded, 1st, That on the 1st of *July*, 1815, he enclosed in a letter, directed to the plaintiff at *Plattsburgh*, in the state of *New-York*, and deposited in the post-office at *New-London*, in this state, three fifty dollar treasury notes, of the value of 150 dollars, which, through the regular course of the mail, the plaintiff, on the 15th of the same month, received and accepted of the defendant, in full satisfaction of the note : 2dly, That at *Plattsburgh*, on the 15th of *July*, 1815, it was accorded and agreed, by and between the plaintiff and defendant, that the defendant should transmit to the plaintiff, by letter, through the mail, the sum due on the note ; and the defendant did, immediately afterwards, remit to the plaintiff, at *Plattsburgh*, cash or money, in the ordinary course

of the mail, to the amount of the note, which the plaintiff received in full payment thereof :  3dly, That on the 1st day of *July*, 1815, the defendant, at the instance and request of the plaintiff, deposited in the post-office at *New-London*, to be forwarded by mail, three fifty dollar treasury notes, of the value of 150 dollars, enclosed in a letter, directed to the plaintiff, at *Plattsburgh*, the place of his abode ; which the plaintiff received and accepted in full satisfaction of the note : 4thly, That the defendant, by direction of the plaintiff, on the 1st of *July*, 1815, deposited in the mail, cash or money sufficient to pay the note, *viz.* 150 dollars, enclosed in a letter, directed to the plaintiff at *Plattsburgh*, to be forwarded according to its direction ; which the plaintiff received in full payment of the note.

These pleas the plaintiff traversed ;  on which, issue was joined ; and the cause was tried at *Litchfield, August* term, 1820, before *Brainard*, J.

On the trial, the defendant, to support the first and third pleas, offered in evidence, the deposition of *Everitt Howard*, which, among other things, stated, that in the month of *June*, 1815, being a boarder in the plaintiff's family, at *Plattsburgh*, he was present at a settlement between the plaintiff and defendant ; that the defendant, being deficient in funds, proposed remitting the balance due, by letter, soon, if there was no danger ; that the plaintiff answered, there would be no danger, and, as he was in very great want of cash, he wished the plaintiff to convey it immediately, by mail ; that the defendant enquired, how he should receive his note, to which the plaintiff replied, that it should be endorsed satisfied, and delivered to a Lieut. *Fowler*, who was present, for the defendant.    To the admission of this evidence, the plaintiff objected, and the judge rejected it.

In support of the second and fourth pleas, the defendant offered *Elijah Butts*, to prove, that on the 1st of *July*, 1815, the defendant deposited in the post-office in *New-London*, three fifty dollar treasury notes, in a letter directed to the plaintiff at *Plattsburgh*, to be conveyed to him by mail ; in which letter the plaintiff was requested to take thereform, the sum of 129 dollars, 14 cents, and enclose the note satisfied, and to pay over the balance to sundry persons specified.    To the admission of this testimony, the plaintiff objected ; and the judge decided that it was inadmissible.

*Litchfield,*
*June,*
*1821.*

Foquet
*v.*
Hoadley.

The plaintiff having obtained a verdict, the defendant moved for a new trial, on the ground that the evidence offered by him, was *improperly* rejected ; and the judge reserved the motion.

*P. Miner* and *Miller* argued in support of the motion. They cited *Miller* v. *Race*, 1 *Burr.* 452    *Wright* v. *Reed*, 3 *Term Rep.* 554.    *Cousins* v. *Thompson*, 6 *Term Rep.* 335. *Keith* v. *Jones*, 9 *Johns. Rep.* 120.    *Warren* v. *Mains*, 7 *Johns. Rep.* 476.

*Bacon* and *J. W. Huntington*, contra.

HOSMER, Ch. J.    The defendant, in his first and third pleas, alleged, that he transmitted to the plaintiff, three fifty dollar treasury notes, and that the plaintiff received them, in full satisfaction of the note in suit.

To establish these facts, he offered in evidence the deposition of *Everitt Howard*, who testified, that the plaintiff requested of him, to send him cash *per* mail.    Treasury notes are not cash ; and the testimony offered conduced to prove no averment contained in the aforesaid pleas.    The deposition, therefore, was rightly rejected.

In the second and fourth pleas, the defendant averred, that he sent to the plaintiff cash or money, by the ordinary course of the mail ; and, to evince this allegation, he offered the testimony of one *Betts*, shewing that treasury notes were transmitted.    This testimony was repelled most justly, for this very plain reason, that treasury notes are not cash.

A promissory note, payable in money, cannot be discharged, by the act of the debtor, without the co-operation of the creditor, unless in gold and silver coin.    *Const. U. S. art.* 1. *sect.* 10.    Bank notes are not a legal tender, if the creditor objects to receive them.    *Wright* v. *Reed*, 3 *Term Rep.* 554. *Grigby* v. *Oakes* & al. 2 *Bos. & Pull.* 526.    The reason of this is conclusive ; they do not fulfil the contract ; and it is the province of courts, to enforce contracts, as the parties have made them.    I am aware of the decision made in a sister state, (*Keith* v. *Jones*, 9 *Johns. Rep.* 120.) in which it is said, that bank-paper, in conformity with common usage and understanding, is regarded as cash ; and that the same observation has been made in other cases.    *Miller* v. *Race*, 1 *Burr.*

452. *Grant* v. *Vaughan*, 3 *Burr*. 1516. Notwithstanding the truth of the remark, evinced by constant experience, that bank bills are voluntarily received as cash, I cannot admit, that he who assumes to pay gold and silver coin, can *compel* his creditor to receive in satisfaction bank bills of any, or either, of the numerous banks in our country. The creditor may always say, and this should be an impenetrable shield, " *Non hæc in fœdera veni*."

Let the law be as it may, with respect to bank bills, which, by usage, are treated as cash, and are the common currency of our country, there is no analogy between them and treasury notes. The latter are neither cash nor currency ; and there is no usage to sanction, or even give plausibility to, their being considered as such.

The other Judges were of the same opinion.

New trial not to be granted.