OGDEN HAGGERTY & others *vs.* JAMES S. FOSTER & others.
GIOVANNI ALBINOLA & another *vs.* SAME.

Authorizing a firm to apply for its benefit, and as part of its capital, United States bonds payable to bearer, deposited specially in the custody of a bank which has no notice of the giving of the authority, is not " an actual cash payment as capital," by the person giving the authority, within the meaning of the Gen. Sts. *c.* 55, § 2, so as to exempt him, as a special partner, from liability for the debts of the firm; although, after the making and recording of the certificate required by § 3, the bonds are applied for the benefit of the firm and realize more than the necessary amount of cash.

TWO ACTIONS OF CONTRACT against James S. Foster, Loring W. Barnes and Charles E. Carpenter, on promissory notes.

On August 1, 1866, the defendants formed a partnership under the style of Barnes & Carpenter, by articles which set forth that Barnes and Carpenter were general partners, and Foster a special and limited partner, and that Foster contributed, as his share, to the capital, the sum of $6,666.66 " in actual cash payment." On August 2, the partners acknowledged the certificate signed by them, required by the Gen. Sts. *c.* 55, § 3. This certificate, which was duly recorded on August 6, and published, set forth that Foster " has contributed $6,666.66 capital to the common stock in cash."

Foster contributed his share to the capital by three transactions; two of which it is unnecessary for the purposes of this report to specify further than that they together realized for the benefit of the firm the sum of $5862.78. The third transaction was as follows : Foster had, on August 1, in the custody of the Attleborough National Bank, as a special deposit, deliverable to him or order, and his absolute property, two of the securities of the United States, commonly known as " seven and three tenths bonds," or " 7-30 bonds," payable to bearer, each of the par value of $1000, and at that time worth in the market, with accrued interest, somewhat over par ; and on August 1 he authorized Carpenter, as a member of the firm of Barnes & Carpenter, to take these bonds and sell, use and apply them for the purpose of aiding in making up Foster's contribution to the capital of the firm. Carpenter accordingly thereafter took

the bonds, without further direction or authority, sold or otherwise disposed of them, and applied the proceeds for the benefit and in the business of the firm, as it had occasion therefor·but he did not take any actual formal possession, nor dispose of them, until some time in September 1866, at which time the firm first had occasion to use the money. From the sale or disposal of the two bonds there was received the sum of $2115.

Foster contended that the three transactions constituted a payment or contribution to the capital of the firm, made by him in cash, within the meaning of the Gen. Sts. *c.* 55, § 2; but this the plaintiffs denied, and contended that by reason of noncompliance with the provisions of the statute he was a general partner in the firm.

The notes declared on were made by the firm of Barnes & Carpenter, and no payment was ever made on any of them, except a dividend of five per cent. from the estate of Barnes & Carpenter, who went into bankruptcy after the date of the writs in these actions, and received their discharge.

The cases were submitted to the judgment of the superior court, and, on appeal, of this court, upon agreed facts, of which the material part was substantially as above given; if the court should be of opinion that Foster was liable as general partner, then judgment to be rendered against him alone for the amount of the notes with interest, less the five per cent. dividend; but if the court should be of opinion that he was a special partner only, then judgment to be rendered in his favor; and were argued in writing.

*J. T. Morse, Jr.,* for the plaintiffs.

*E. Ames & J. Daggett,* for Foster.

COLT, J. Upon the agreed statement of facts, the defendant Foster must be held liable as a general partner in the firm of Barnes & Carpenter. In the formation of the special partnership under the statute, there was a failure to comply with one requisition which is made necessary in order to secure exemption from such liability.

By the Gen. Sts. *c.* 55, §§ 2–4, the special partner is required to contribute to the common stock a specific sum in actual cash

payment as capital; all the partners must make and severally sign a certificate, which shall contain, among other things, the amount of the capital stock which each special partner has contributed; and if a false statement is made, all the persons interested in the partnership shall be liable as general partners for all the engagements thereof.

It is unnecessary to consider all the modes in which Foster attempted to complete his contribution as special partner. His liability as general partner is fixed, if within the true construction of the statute any one of the methods adopted is not to be regarded as an actual cash payment of any part of the amount. It is wholly immaterial that the transaction at the time was honestly intended and understood by the parties to be sufficient; that the securities actually transferred afforded the means by which their cash value was in fact subsequently realized; or that creditors were not actually defrauded. The statute is plain and explicit. It requires payment to be made when a certificate is signed, acknowledged and recorded as the foundation of the partnership; and this certificate must recite what has been done, not that which is executory. Its object is to provide a fund, on the day the company is formed, to be thereafter subject to no contingencies or losses, except those which come from the proper business of the partnership. The use of the phrase " actual cash payment," is emphatic and significant. It is wisely intended to exclude a construction, by which commercial securities, of any description short of cash, may be regarded, by the aid of mercantile usage or otherwise, as substantially equivalent to cash; and to remove from all parties the temptation to evade its requirements in this respect.

In the cases at bar, it appears that, on the day when the articles of copartnership were entered into, the Attleborough Bank had in its custody two obligations of the United States for one thousand dollars each, payable to bearer, which belonged to the defendant Foster and were deliverable to him or his order on demand, and which he authorized Carpenter, dealing with him as a member of the proposed firm, to take, sell and apply, as a part of his contribution, to the capital. These obligations

were worth, at the time, somewhat more than their par value, and were in fact taken and sold by Carpenter some time in the month of September following, and applied to the use of the firm as it had occasion for the money. Assuming that the authority given to Carpenter to make this appropriation was sufficient, yet it does not appear that any action was taken under it by Carpenter, or any notice of the transaction given to the bailee of these securities, before they were finally taken and sold by him.

A majority of the court are unable to regard this as a compliance with a provision, which demands an actual cash payment, and requires it to be certified, acknowledged and recorded, before the partnership is formed. These securities were at best but the agreement of a third party to pay money at a future day; they cannot be treated as cash; they were not so treated by the bank, in whose safekeeping they were placed, and which held them as a special deposit; nor were they so regarded by the parties themselves, who expressly provided for their future sale and conversion into money. If considered as equivalent to cash, yet there was no delivery of them valid as against the individual creditors of Foster, who for some considerable time afterwards held the legal title to them. *Pierce* v. *Bryant,* 5 Allen, 91. *Foquet* v. *Hoadley,* 3 Conn. 534.

It is not necessary to consider the manner in which the remaining part of Foster's contribution was made. It is sufficient that the certificate, to the extent indicated, contained a statement, which, though made in good faith by him, was a false statement within the meaning of the law. The statute cannot be construed so as to meet the hardships of individual cases. And judgment must be rendered against Foster, according to the agreement of the parties, in both cases.

*Judgment for the plaintiffs.*