## Case No. 13,867.

### In re THAYER et al.

[7 Am. Law Rev. 177.]

District Court, D. Massachusetts. 1872.

LIMITED PARTNERSHIPS—VALIDITY OF ORGANIZATION—CASH CONTRIBUTIONS.

[The contribution of a special partner must, under the Massachusetts statute, be in actual cash, and all the partners are held as general partners, if the transaction, while showing an apparent contribution in cash, resulted in fact in putting in goods and debts equivalent to cash.]

Certain creditors of the firm of Thayer & Bro. petitioned against Edward F. Thayer, Theodore A. Thayer, and Isaac D. Farnsworth, all of Boston, as copartners of that firm. It was alleged that an act of bankruptcy had been committed by the suspension of their commercial paper for a period of 14 days. The suspension was admitted, and there was no controversy excepting whether Mr. Farnsworth was a general partner. The facts were found by the court to be in substance as follows: The three defendants, in January, 1869, formed a limited partnership, in which Mr. Farnsworth was the special partner, contributing $15,000 to the capital stock. This contract expired January 1, 1871, and about that time a balance sheet was made up, by which it appeared that the firm had, in assets considered to be good, about $9,000 above the liabilities, not counting the capital as liability. Nearly or quite all this $9,000 was due to Mr. Farnsworth for his capital. On the 14th day of January, 1871, the active partners transferred to him boots and shoes estimated to be worth $9,000, and took from him that sum in bank bills. On the 16th they received $8,000 more. Both these payments were made by Mr. Farnsworth's attorney on his behalf, but out of the attorney's own money. They also received, on the 16th, Mr. Farnsworth's check for $8,000, which was paid by the bank on the 17th. The attorney took from Mr. Farnsworth, as security for the advances made on his account, two checks of Mr. Farnsworth for $8,000 and $9,000, respectively. On the 16th of January, a certificate was made, and acknowledged in due form, stating that Mr. Farnsworth had contributed $25,000 to the common stock, and was a special partner in the new firm of Thayer & Bro., which was certified as being from the 2d of January. Notice was duly published in Boston, and the certificate was recorded in the county of Suffolk. The certificate represented that the business of the firm was that of manufacturers of and dealers in boots, shoes, and leather. The firm had a factory at Westborough, where boots and shoes were made on a large scale, and where the workmen, averaging about a hundred, were hired and discharged by an agent of the firm, who superintended the manufacture. The stock was bought and

the manufactured goods were sold in Boston. The money to pay the workmen was sent from Boston to the superintendent. Most of the books were kept ·here, excepting such as related to the manufacturing and. the pay rolls. On the 17th of January, after the certificate had been recorded and the first publication had been made in the newspapers, the Thayer brothers repaid to Mr. Farnsworth's attorney the $9,000 which he had paid them on the 14th, and the attorney reconveyed to them the boots and shoes which he had then received. On the same day, being the 17th, they paid him $8,000, to be paid to Mr. Farnsworth on account of a debt of $10,000 which the old firm owed him, being money lent them · besides the capital, and independently thereof. The attorney was thus repaid the $17,000 he had advanced, and he returned to · Mr. Farnsworth the two checks which he ·had, before received as security, and Mr. Farnsworth indorsed $8,000 on his debt of $10,-000: At the time the two checks were ·given to the attorney there was not money ‹ in the bank to meet them. There was evidence, however, tending to show that ·the bank would have honored them if they had been presented. They appear to have been intended rather as memoranda between Mr. Farnsworth and his attorney than any thing else.

THE COURT held, first, that there was a payment into the capital stock of $25,000, but not in actual cash, as required by the statute of the state. The whole transaction, from the 14th to the 17th, inclusive, was but one transaction, and the real contribution of Mr. Farnsworth was $9,000 in boots and shoes, $8,000 in a credit on an old debt, and $8,000 in actual cash. Under the decisions in this state and in others having similar statutes, money's worth could not be accepted as money in such case.

THE COURT held, secondly, that a copy of the certificate should have been recorded in the county of Worcester, because Westborough was a place of business of the firm as manufacturers, within the meaning of the fourth section of the statute.

It was held, thirdly, that the failure to follow the statute in both · or either' of these particulars made all the defendants general partners. The judge said, however, that he rested his decision mainly on the want of an actual cash contribution. He said that he had no idea that any wrong was intended, but the business appeared to have been done under the impression that, if the money was actually passed, and its value fairly contributed, the statutes had been complied with, but the decisions show this to be a mistake. The judge referred to Pierce · v. Bryant, 5 Allen, 91; Haggerty v. Foster, 103 Mass. 17; Richardson v. Hogg, 38 Pa. St. 153; Haviland v. Chace, 39 Barb. 283.

It is singular that, though the statute concerning limited partnerships has been in force since the year 1836, and though it would seem to offer peculiarly strong temptations to litigation, yet the reports of the state courts show only two causes arising under it. In both of these the special partner has,. as in the preceding decision, been held liable on the ground of an imperfect compliance with the strict letter of the statute. The truth is that the law is so plain and so imperative in its phraseology that the judges cannot easily, if they would, evade it.· But it must be confessed that the two decisions of the state court seem, if it be allowable to form an opinion of this sort from the language of the judges, to have been delivered ab invitis.

THAYER, In re. See Case No. 5,305.