## Case No. 9,467.

### In re MERRILL et al.

[12 Blatchf. 221; 13 N. B. R. 91; 1 N. Y. Wkly. Dig. 364.] [1]

Circuit Court, N. D. New York. June 16, 1874.

PARTNERSHIP—SPECIAL PARTNER—CONTRIBUTION—CASH—GOODS.

L. and three other persons undertook to form a limited partnership under the provisions of the statute of New York (1 Rev. St. p. 764, § 2) which provides that such partnerships may consist of general partners, and "of one or more persons who shall contribute, in actual cash payments, a specific sum, as capital, to the common stock, who shall be called special partners, and who shall not be liable for the debts of the partnership, beyond the fund so contributed by him or them to the capital." The articles of copartnership provided that L. should contribute to the common stock $1,000 in cash, and, in addition, "the entire inventory on hand, of the effects and property belonging to him, lately owned and used by A. and said L., supposed to be about $8,000." The certificate filed under the statute stated that L., the special partner, had contributed to the common stock "$1,000 in cash and about $8,000 of effects and property, the exact amount of which is yet to be ascertained," and to it was annexed an affidavit of one of the general partners, that L. had actually contributed the sum of $1,000 in cash to the common stock of the firm, and had paid in the same in good faith: *Held*, that the partnership was not a limited one, and that L. was a general partner.

[Cited in Lineweaver v. Slagle, 64 Md. 483, 2 Atl. 695; Manhattan Co. v. Laimbeer, 108 N. Y. 602, 15 N. E. 712.]

[Appeal from the district court of the United States for the Northern district of New York.]

Charles B. Sedgwick, for creditors.
Francis Kernan, for debtors.

WOODRUFF, Circuit Judge. The firm of Merrill, Wilder & Co. were charged by a creditor with having committed acts of bankruptcy, and, in the petition, it was averred, that the firm was composed of William G. Merrill, David Wilder, Villars Merrill, Junior, and George J. Letchworth, all general partners therein. The application for a decree adjudging them bankrupts was resisted by Letchworth, only on the ground that he was not, and had never been, a general partner, but was only a special partner in the firm, and that the copartnership was a limited copartnership, formed under the provisions of the statutes of the state of New York, wherein he was in no wise liable for the debts of the firm otherwise or beyond the capital he had contributed to the common stock. The district court held him to be a general partner, and adjudged all the partners bankrupt, and that adjudication Letchworth seeks to review and reverse in this court. His petition of review states the facts upon which the adjudication proceeded, and, as the allegations of the petition are not

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission. 1 N. Y. Wkly. Dig. 364, contains only a partial report.]

denied, they are to be deemed admitted for the purposes of the review.

The only facts which I deem it material to notice, and upon which the petition will be disposed of, are that the parties attempted to form a limited partnership in which Letchworth should share in the profits of the business to be carried on, and have the immunities which the statutes authorizing such copartnerships allow, and yet not contribute, nor be bound to contribute, his share of the capital in cash. They entered into articles of copartnership containing numerous details touching the business to be carried on, stipulating that each of the four partners should share equally in the profits and losses of the business. The consideration for which Letchworth was to be thus admitted to membership in the firm, and permitted to share the profits, was, that he should contribute to the common stock one thousand dollars in cash, and, in addition thereto, "the entire inventory on hand, of the effects and property belonging to him, lately owned and used by M. Alden, deceased, and said Letchworth, supposed to be about eight thousand dollars." To carry their purpose into effect they signed and filed, as required by the statute, a "certificate of limited partnership," (so entitled,) in which, among other proper particulars, it was certified, that "the said William G. Merrill, David Wilder, and Villars Merrill, Jr., shall be the general partners, and the said George Letchworth shall be a special partner, and has contributed to the common stock one thousand dollars in cash, and about eight thousand dollars of effects and property, the exact amount of which is yet to be ascertained." To the certificate was annexed the affidavit of William G. Merrill, that Letchworth "has actually contributed the sum of one thousand dollars in cash, to the common stock of the said firm, and has paid in the same in good faith."

The statute under which the parties attempted to establish a limited partnership (1 Rev. St. N. Y. p. 764, § 2) provides, that such partnerships may consist of general partners, responsible as general partners now are by law, and "of one or more persons who shall contribute in actual cash payments, a specific sum, as capital, to the common stock, who shall be called special partners, and who shall not be liable for the debts of the partnership, beyond the fund so contributed by him or them to the capital." It then requires that the certificate to be filed shall, among other things, state "the amount of capital which each special partner shall have contributed to the common stock." and that there shall be filed with the certificate an affidavit "stating that the sums specified in the certificate to have been contributed by each of the special partners to the common stock have been actually and in good faith paid in cash."

It is quite certain, that the copartnership

which these parties attempted to establish was not such as this statute provides for. They doubtless acted with most entire fairness and integrity. They no doubt supposed that what they did sufficiently satisfied the reason and intent of the statute, so long as, in their published notice, they informed the world that the capital contributed by Letchworth to the common stock was not actually paid in cash, but consisted in part of property, the amount of which was not yet ascertained. But this was not in compliance with the statute, and neither they nor the court are to entertain the inquiry, whether a statute authorizing just such a partnership as they entered into, and securing to Letchworth immunity for the debts of the firm, would not be a better statute than the legislature have seen fit to enact. In general, all who share the profits of the business of a copartnership are liable to its creditors for all of its debts. The statute permits the formation of a copartnership in which, as to one or more of the members, there shall be an exemption from liability beyond the fund "contributed by him or them to the capital." The express condition of that immunity is, that that fund be contributed in actual cash payments. The expression "fund so contributed," which fund is made the limit of the liability of special partners, imports, contributed "in cash." It was, of course, competent for the legislature to have authorized such partnership, and to have permitted the special partner to contribute property or goods at a just valuation, but they have not done so. So, it was competent to have permitted a contribution of part cash and part goods or other property, but, for reasons concerning which we are hardly at liberty to speculate, this was not done. We are bound by the statute, and the parties cannot claim under the statute, which derogates from the general rule of law, without showing a strict compliance with the statute. They cannot be permitted to say that it was just as well for the firm and for its creditors to have a contribution of goods at their fair value as to have cash. The legislature saw fit to require that he who contributed capital to be employed in the joint business, to be the basis or consideration of his participation in the profits, should, in order to the limitation of his liability for debts, pay all of that contribution in money, before the partnership should be deemed formed; that that money should be under the exclusive control of the general partners; that they should be at liberty to invest or employ it as in their discretion they saw fit, for the benefit of the firm and its creditors; and that no one should be permitted to share profits on the basis of a contribution of goods or property, and yet be entitled to limit his liability for debts. It is unnecessary to vindicate the statute, and yet it is pertinent to inquire—can a person be permitted, under such a statute, to put in one hundred dollars cash, and a stock of goods estimated at fifty thousand dollars, be permitted to share profits on the basis of a contribution of $50,100, to capital, and yet be not liable for the debts?

I am decidedly of opinion that the parties failed to establish a limited partnership, and that they were always general partners. I may add, further, that an express provision of the statute, that the certificate filed shall state "the amount of capital which each special partner shall have contributed to the common stock," was not satisfied by a certificate that Letchworth had contributed "$1,000 in cash and about $8,000 of effects and property, the exact amount of which is yet to be ascertained."

For these reasons the decision of the district court was correct. Whether the other ground of the decision was so or not it is unnecessary to inquire.

The adjudication is affirmed, with costs.