### TOWNSHIP OF BURLINGTON *v.* BEASLEY.

Where a statute of Kansas authorized towns or counties to issue bonds " for the purpose of building bridges, or to aid in the construction of railroads, water-power, or other works of internal improvement," and where another statute declared all custom grist-mills to be "public mills," and regulated their management, — *Held*, that bonds issued by a town of that State, to aid in the construction and equipment of a steam custom mill owned by an individual, were authorized by the statute.

IN error to the Circuit Court of the United States for the District of Kansas.

This was a suit brought in the Circuit Court of the United States for the District of Kansas, by Alfred W. Beasley, against the township of Burlington, in the county of Coffey, and State of Kansas, to recover the amount due upon sixty-four coupons, each for the sum of twenty-five dollars, together with interest thereon. Of these coupons, as well as of the bonds to which they had been originally attached, the said Beasley averred himself to have become the true and lawful owner and holder for value before maturity, and also to be such owner at the commencement of his suit.

The bonds to which these coupons had been attached are a part of a series of sixteen bonds, each for the sum of $500, the whole amounting to the sum of $8,000, issued by said township Dec. 3, 1872, to aid one John S. Stow in the construction and completion and to furnish the motive power of a steam custom grist-mill in said township, — the same belonging to the said

Stow, and not being situated on a watercourse, or operated by water-power.

A copy of one of said bonds is as follows, to wit : —

"$500.]          BOND OF BURLINGTON TOWNSHIP.          [No. 1.

" *County of Coffey, State of Kansas.*

" UNITED STATES OF AMERICA.

" Burlington Township, in the county of Coffey, State of Kansas, promises to pay John S. Stow, or bearer, the sum of $500, on the third day of December, A.D. 1877, and interest thereon at the rate of ten per cent per annum, payable semi-annually, upon presentation of the coupons therefor, hereto annexed : both principal and interest payable at the banking-house of Northrup & Chick, in the city of New York.

" This bond is one of an issue of $8,000, made for the purpose of aiding internal improvements in said township, and in pursuance of an act of the legislature of the State of Kansas, entitled ' An Act to authorize counties, incorporated cities, and municipal townships to issue bonds for the purpose of building bridges, aiding in the construction of railroads, water-power, or other works of internal improvement, and providing for the registration of such bonds, the registration of other bonds, and the repealing of all laws in conflict therewith,' approved March 2, 1872.

" In testimony whereof, the township trustee, clerk, and treasurer have caused this bond to be issued, duly signed, attested, and countersigned, this third day of December, A.D. 1872.

" H. R. FLOOK, <em>Trustee.</em>

" Attest : G. N. McCONNELL, *Clerk.*

" Countersigned : H. L. JARBOE, *Treasurer.*"

The following is a copy of one of the coupons sued upon, to wit : —

" $25.00.]                                        [No. 3.

" The treasurer of Burlington Township, Coffey County, Kansas, will pay to the bearer twenty-five dollars, at the banking-house of Northrup & Chick, in the city of New York, on the third day of June, A.D. 1874, for six months' interest on bond No. 1, issued on the third day of December, A.D. 1872.

" Attest : G. N. McCONNELL, *Township Clerk.*

H. R. FLOOK, *Township Trustee.*"

The case comes here on a certificate of division upon the following questions: —

"*First*, Does the second count of the defendant's answer set up a sufficient defence to the action?

"*Second*, Said bonds having been issued to aid a steam custom grist-mill, not situated on a watercourse, or operated by water-power, was there any power or authority to issue the same?

"*Third*, If there was no such power or authority, are the bonds containing the recital therein appearing valid in the hands of a holder thereof for value before maturity, who has no notice of the purpose for which the same were issued, other than as shown by the face of the bonds?"

The plaintiff recovered judgment, and the town now brings the case here by writ of error.

*Mr. A. M. F. Randolph*, for the plaintiff in error.

*Mr. A. L. Williams, contra.*

Mr. Justice Hunt delivered the opinion of the court.

The bonds which are the foundation of this action purport upon their face to be issued by virtue of an act of the legislature of the State of Kansas, approved March 2, 1872, of which the title is given in the bonds. They contain no specific statement of the purpose for which they were issued. There is nothing upon their face to indicate fraud, unlawful assumption of authority, or irregularity. If there was, in fact and in law, authority in the town under any circumstances to issue its bonds, and if these bonds bear the impress of such authority, there is nothing to vitiate them when taken by *bona fide* holders.

The second answer alleges that the bonds were issued to John S. Stow to aid in the construction and completion and to furnish the motive power of a steam custom grist-mill in the town of Burlington, that an election to determine whether they should be thus issued was held under the provisions of the statute referred to, and that a majority of the qualified electors of the town voted in favor of issuing the bonds. Certain proceedings between Stow and the town are also set forth, but as they are not referred to in the briefs, it is not necessary here to allude to them.

The principal contestation of the plaintiff in error is that it

had no power to issue the bonds in question under the statute of March, 1872. Statutes of Kansas, 1872, c. 68, 110.

The first section of this act provides that the trustee, clerk, or treasurer of any municipal township is empowered to issue its bonds " for the purpose of building bridges, free or otherwise, or to aid in the construction of railroads or water-power, by donation thereto or the taking of stock therein, or for other works of internal improvement." Certain restrictions and conditions are imposed, in relation to which no question here arises.

If the motive power intended to be used by Mr. Stow, and to aid in the construction of which these bonds were issued, had been that of water accumulated by dams and discharged upon wheels, the purpose would have been within the specific language of the act. To aid in the construction of " waterpower " is one of the purposes named. But the mill was a steam-mill. It was a custom grist-mill operated by steam. Does such an establishment fall within the description of " other works of internal improvement " ? This expression is usually applied to railroads and canals. To confine it to those two subjects would be to give to the statute a narrow construction ; and that it was not so intended is evident from the ninth section, where " a bridge or other work of internal improvement, except railroads," is three times spoken of. Similar language is used in the eleventh section and in the twelfth section of the act.

A state-house is an internal improvement, as is a county court-house, a jail, or a penitentiary ( *Commissioners of Leavenworth Co.* v. *Miller*, 7 Kan. 479), as much as is a railroad, a canal, or a bridge. A mill run by water is declared to be an internal improvement by the statute we are considering. A ferry falls within the same principle, and so does a steam-mill. It would require great nicety of reasoning to give a definition of the expression " internal improvement," which should include a grist-mill run by water, and exclude one operated by steam ; or which would show that the means of transportation were more valuable to the people of Kansas than the means of obtaining bread. It would be a poor consolation to the people of this town to give them the power of going in and out of the

town upon a railroad, while they were refused the means of grinding their wheat.

Railroads, turnpikes, buildings, bridges, ferries, reclaiming swamps, and the like, are no doubt improvements. If such improvement is within the limits of a town or county, it is internal to such town or county.

The statute of Kansas upon the subject of grist-mills is based upon the idea, and, indeed, upon the declaration, that all grist-mills are public institutions. In c. 65 of the statute of 1868, p. 573, it is thus enacted : " All water, steam, or other mills, whose owners or occupiers grind or offer to grind grain for toll or pay, are hereby declared public mills." Regulation is then made for the order in which customers shall be attended to (first come first served), the liability of the miller, his duty in assisting to load and unload, and that the rates of toll shall be conspicuously posted.

Under our recent decision in *Munn* v. *Illinois, supra,* p. 112, and the other cases upon kindred subjects, it would be competent to the legislature of Kansas to regulate the toll to be taken at these mills. It is a reasonable construction of this statute to hold that aid to this mill is aid of a public work within its meaning, and that the construction and equipment of a steam grist-mill was an internal improvement.

The case of *Loan Association* v. *Topeka,* 20 Wall. 661, will adjudge these bonds to be legal. The point is there expressly made that bonds, when issued for a public purpose, a public use, which it is the right and the duty of the State government to assist, are valid. The issue we are considering falls within this definition.        *Judgment affirmed.*

MR. JUSTICE FIELD dissented.