### McGinnis v. Farrelly and others.

*(Circuit Court, S. D. New York.  March 26, 1886.)*

PARTNERSHIP—SPECIAL PARTNER—PAYMENT OF CAPITAL BY CHECK—NEW JERSEY STATUTE.

 The delivery before the filing of a certificate of special partnership, by a party intending to become a special partner to the general partners, of a check payable to their order, drawn on a bank, where he has funds to meet it, is not "an actual cash payment," within the meaning of the New Jersey statute, and will not entitle him to protection as a special partner.[1]

At Law.

*Abbett & Fuller*, (*Leon Abbett*, of counsel,) for appellant.

*John H. Shield*, (*W. C. Beecher*, of counsel,) for plaintiff.

WALLACE, J. On the twenty-sixth day of February, 1883, the defendant Farrelly, with others, intending to form a limited partnership in which Farrelly was to be a special partner and the others general partners, executed a certificate in the form required by the laws of New Jersey, where the partnership business was to be carried on, which recited that the amount of capital contributed to the common stock by said Farrelly was the sum of $2,500, and that the partnership was to commence on that day. Unless a limited partnership was formed pursuant to the statutes of New Jersey, the defendant Farrelly is liable to the plaintiff upon the demand in suit as a general partner. The question is whether the statutes of New Jersey were complied with.

The Revised Laws of New Jersey provide that such partnership may consist of one or more persons, who shall be called general partners, and of one or more persons who "shall be called special partners, and who shall contribute in actual cash payments a specific sum as capital to the common stock;" that a certificate shall be signed by the several persons, reciting, among other things, the amount of capital which shall have been contributed by the special partner;

[1] See note at end of case.

that this certificate be filed in the office of the county clerk, and that there shall be filed with the certificate an affidavit of a general partner, stating that the sums specified in the certificate to have been contributed by each of the special partners to the common stock "have been actually and in good faith paid in cash." The laws also provide that if any false statement be made in such certificate or affidavit, all the persons interested in such partnership shall be liable for all engagements thereof as general partners. February 26, 1883, the certificate was acknowledged according to law, and, together with an affidavit of one of the general partners, verified on that day, in form according to statute, was filed in the office of the proper clerk. At this time Farrelly had not contributed any actual cash payment as capital except by drawing his check for the sum of $2,500 on a New York city bank, and delivering it to one of the general partners. His check was good for the amount, he having at the time a large balance to his favor at the bank upon which it was drawn. The time when the check was delivered was after banking hours, and it was retained by the person to whom Farrelly delivered it until the twenty-sixth day of March thereafter. The check was not presented to the bank or used in the mean time, and on the twenty-sixth day of March was returned to Farrelly unpaid. Thereupon Farrelly drew a check for $5,000, intended to cover the amount of the original check, and a loan to the partnership of $2,500 in addition, which check was delivered to one of the firm, deposited to the credit of the firm, and the firm received the avails thereof.

It must be held that no actual cash payment had been contributed by Farrelly to the partnership when the certificate was filed. Similar statutes authorizing the creation of limited partnerships exist in several of the states of the Union, and have been the subject of judicial exposition. It is the well-settled doctrine that one who has not strictly complied with the requisitions of such statutes cannot claim exemption, as a special partner, from liability for the debts of the firm of which he is a member; and that his liability as a general partner is fixed if he has omitted to make his contribution to the capital of the firm in the mode required by the true construction of the statute. When the statute requires the contribution to be made in actual cash payments, nothing but money will satisfy its meaning.

In the case of *Haggerty* v. *Foster*, 103 Mass. 17, in speaking of such a statute, the court used this language:

"The statute is plain and explicit. It requires payment to be made when a certificate is signed, acknowledged, and recorded as the foundation of the partnership; and this certificate must recite what has been done, and not that which is executory. Its object is to provide a fund, on the day the company is formed, to be thereafter subject to no contingencies or losses except those which come from the proper business of the partnership. The use of the phrase 'actual cash payments' is emphatic and significant. It is wisely intended to exclude a construction by which commercial securities of any description short of cash may be regarded by the aid of mercantile usage or

otherwise as substantially equivalent to cash, and to remove from all parties the temptation to evade its requirements in this respect."

In *Durant* v. *Abendroth*, 69 N. Y. 148, where such a statute was under consideration by the court of appeals, the court said:

"The statute peremptorily requires an affidavit that the capital has been actually paid in cash. * * * The object of this provision is to secure certainty, and to prevent equivocal transactions in the formation of these partnerships. Nothing but cash satisfies its requirements. No engagement or security, however good, can be substituted even temporarily."

In *Van Ingen* v. *Whitman*, 62 N. Y. 513, it was held that a contribution in credits or in any other thing except cash, however convertible at the time into money, is not a compliance with the statute.

It would hardly be contended that the delivery of a check by the special partner, payable at a future day, would meet the requirements of the statute. It is urged, however, that the delivery of a check payable at sight is equivalent to an appropriation of a cash fund to the capital of the partnership, and is therefore a substantial compliance with the statute. If, instead of handing over the money, the special partner should deposit the amount of his contribution in a bank to the credit of the firm, or with a third person so as to part with all control over it by himself exclusively, and enable the general partners to appropriate it, it might well be urged that this would be a sufficient compliance with the statute. A sum may be deemed to be paid or contributed in cash when the money is placed within the absolute control of the person who is to receive it, although not within his manual custody. But where a check is drawn for the benefit of the payee upon a bank in which the drawer has a deposit, and is delivered to the payee, the latter does not acquire even an equitable lien upon the fund in bank. The relations between a banker and depositor to whose credit money is placed, is the ordinary relation of debtor and creditor, and has been universally so regarded since the question was elaborately discussed and decided in the house of lords in the case of *Foley* v. *Hill*, 2 H. L. Cas. 28. It is equally well settled that an assignment of a part of a debt will not bind the creditor either in equity or at law, nor deprive him of the right to pay the whole to the assignor after notice that part has been transferred to the assignee, (*Mandeville* v. *Welch*, 5 Wheat. 277; *Gibson* v. *Cooke*, 20 Pick. 15; *Hopkins* v. *Beebe*, 26 Pa. St. 85; *Gibson* v. *Finley*, 4 Md. Ch. 75;) and because the right of the depositor against a bank is merely that of a creditor, and an assignment of part of the deposit is not an equitable assignment of any interest in the fund, a bill of exchange or check, before acceptance, does not operate as a transfer of the funds of the drawer in the hands of the drawee, nor create any lien thereon. *Chapman* v. *White*, 6 N. Y. 412. The holder of a bank-check cannot sue the bank for refusing payment in the absence of proof that it was accepted by the bank or charged against the drawer.

*Bank of the Republic* v. *Millard*, 10 Wall. 152; *First Nat. Bank* v. *Whitman*, 94 U. S. 343.

A check is but an order on a depositary, directing him to pay a certain sum to the payee or bearer. The drawer can intercept its payment at any time before actual payment or acceptance by the drawee. It does not furnish to the payee a fund which is subject to his exclusive control. It may be regarded by mercantile usage as equivalent to a cash payment; it may be convertible immediately into money; but its delivery to the general partners is not the payment in actual cash which is contemplated by the statute. No better illustration of the danger that would attend such a loose construction of the statute as would permit the terms "actual cash payment" to be fulfilled by the delivery of a check, payable at sight to the general partners, could be suggested than is shown by the facts of this case. Although the affidavit filed with the certificate stated that the contribution of the special partner had been actually and in good faith paid in cash, the money was not realized until a month subsequent to the filing of the affidavit. There may not have been any intentional bad faith in the transaction; but if it should be permitted to stand the purpose of the statute would be wholly frustrated.

Judgment is ordered for the plaintiff.

### NOTE..

Statutory provisions respecting the formation of "limited partnerships" must be strictly pursued; and, where the statute requires the contribution of the "special" partner to be in cash, he cannot make it partly in cash and partly in goods, credits, or assets of another firm. Lineweaver v. Slagle, (Md.) 2 Atl. Rep. 693. The court in this case say that the contribution in government bonds or any other class of commercial securities, no matter how valuable they may be, or how easily convertible into money, cannot be accepted as a substitute for the "actual cash payments" which the statute requires; citing Haviland v. Chace, 39 Barb. 283; Pierce v. Bryant, 5 Allen, 91; Haggerty v. Foster, 103 Mass. 17; Richardson v. Hogg, 38 Pa. St. 153; In re Merrill, 12 Blatchf. 221; Van Ingen v. Whitman, 62 N. Y. 513.

Where, in the attempt to form a limited partnership, the special partner fails to contribute the cash capital as agreed upon, and as required by statute, he is liable as general partner. Sharp v. Hutchinson, (N. Y.) 3 N. E. Rep. 500. See, also, Lineweaver v. Slagle, (Md.) 2 Atl. Rep. 693.