### CITY OF KEARNEY v. WOODRUFF.

(Circuit Court of Appeals, Eighth Circuit. April 14, 1902.)

No. 1,616.

1. MUNICIPAL BONDS—BONA FIDE PURCHASER—PUBLIC IMPROVEMENTS—PUBLIC AID.

Where bonds were issued by a municipality "for the purpose of aiding the K. Canal & Water Supply Co. in the construction of a canal for irrigation and water power purposes," under Comp. St. Neb. § 5491, declaring that canals and other works for irrigation and water power purposes should be works of internal improvement, and under section 3506, authorizing municipal corporations to aid in works of internal improvements by the issuance of bonds not exceeding 10 per cent. of the assessed value of their taxable property, a bona fide purchaser of such bonds in the open market was only bound to ascertain whether the issue was in excess of the 10 per cent. limit, beyond which he was entitled to rely on the recitals of the bonds that all antecedent steps necessary to validate the securities had been taken.

2. SAME—STATUTES—CONSTRUCTION.

Comp. St. Neb. § 5491, declares that "canals and other works constructed for irrigation and water power purposes or both, are hereby declared to be works of internal improvement"; and section 3506 authorizes the issuance of bonds by municipal corporations to aid in the construction of any railroad or other work of internal improvement, etc. *Held*, that that part of the statute declaring the construction of canals for water power purposes to be a public improvement was not invalid on the ground that a canal constructed for such purpose might be devoted primarily to private uses, since the act did not authorize the extension of public aid to the creation of a water power used for private gain alone, but should be construed only to authorize such aid to the construction of waterworks devoted to public uses, and other incidental objects not prejudicial to the public interest.

3. SAME—POPULAR VOTE—SUBMISSION OF QUESTION.

Where bonds issued to aid in the construction of an irrigation ditch recited that they were issued after submission to popular vote of a proposition to issue them for the purpose of aiding in the construction of a canal for irrigation and water power purposes, it was no defense to an action by a bona fide purchaser, based thereon, that the proposition submitted was not the same as that recited in the bonds.

In Error to the Circuit Court of the United States for the District of Nebraska.

This is an action on coupons clipped from certain municipal bonds which were issued by the city of Kearney, in the state of Nebraska; said bonds being in the following form:

"No. ———. $1,000.00.

"United States of America,

"State of Nebraska, County of Buffalo,

"City of [cut] Kearney.

"Bond.

"The city of Kearney, in the county of Buffalo, state of Nebraska, acknowledges itself indebted to the bearer in the sum of one thousand dollars, which said city promises to pay to the holder hereof, at the office of the treasurer of the city of Kearney aforesaid, on the first day of May, 1914, and also interest thereon at the rate of five per cent. per annum, payable semiannually, on the first days of May and November of each year after the date hereof, until said principal sum shall be paid, on presentation of the annexed interest coupons at the office of the treasurer of said city. This bond is one of a series of sixty of like tenor issued to bearer for the purpose of aiding the Kearney Canal and Water Supply Company in the construction of a canal for irrigation and water power purposes. The question of issuing this bond, and others of said series, amounting in the aggregate to sixty thousand dollars, was submitted by the mayor and council of said city of Kearney to a vote of the legal voters of the city aforesaid at an election duly ordered and held on the 3rd day of April, A. D. 1894, at which said election more than two-thirds of the votes cast were in favor of the proposition to issue said bonds, which fact, and all other facts necessary to the legal issue of the bonds, the mayor and council of said city, upon a canvass of the votes cast at such election, found to be the case. All the requirements of the constitution and laws of the state of Nebraska necessary to authorize the issue and delivery of the said bonds have been in all respects complied with, and they were issued and delivered by the proper authorities of said city, upon an order of the mayor and council thereof, duly passed and entered accordingly.

"In witness whereof, the said city of Kearney has caused this bond to be signed on its behalf by the mayor of said city of Kearney, attested by the clerk and the seal of said city affixed at the office of the clerk of said city, this first day of May, 1894.

"C. A. Prescott, Philip Brady,

"City Clerk. Mayor."

The entire issue of bonds to the amount of $60,000, with the coupons attached, were sold by the city of Kearney on September 26, 1894, to E. D. Shepherd & Co., of New York City, for 90 cents on the dollar of their par value, and the money therefor, amounting to $54,000, was received by the city. A number of the bonds from which the coupons in suit were detached were subsequently purchased in the open market by Samuel D. Woodruff, the defendant in error, who was the plaintiff below. Previous to the issue of these bonds the legislature of the state of Nebraska had passed an act (vide section 5491, Comp. St. Neb. 1899) declaring that "canals and other works constructed for irrigation or water power purposes or both, are hereby declared to be works of internal improvement, and all laws applicable to works of internal improvement are hereby declared to be applicable to such canal and irrigation works." This statute appears to have been enacted originally in the year 1877. At the same time another statute was in force in that state, which appears to have been enacted as early as the year 1869 (vide section 3506, Comp. St. Neb. 1899), which declared "that any county or city in the state of Nebraska is hereby authorized to issue bonds to aid in the construction of any railroad, or other work of internal improvement, to an amount to be determined by the county commissioners of such county or the city council of such city, not exceeding ten per centum of the assessed valuation of all taxable property in said county or city: provided, the county commissioners or city council shall first submit the question of the issuing of such bonds to a vote of the legal voters of said county or city, in the

manner provided by chapter 9 of the Revised Statutes of the State of Nebraska, for submitting to the people of a county the question of borrowing money."

The case was tried below without the intervention of a jury, and resulted in a judgment for the plaintiff. The city of Kearney brought the case to this court on a writ of error.

Edwin E. Squires, for plaintiff in error.

Edward F. Pettis, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The trial court found specially, among other things, that the plaintiff below was the owner in good faith of the bonds from which the coupons in suit were detached; having purchased them in the open market for value, and before maturity. The bonds, on their face, contained, as will be seen, an express recital that they had been issued "for the purpose of aiding the Kearney Canal and Water Supply Company in the construction of a canal for irrigation and water power purposes"; also a recital, in substance, that the issuance of the bonds had been authorized by more than two-thirds of the electors of the city at an election duly ordered and held on April 3, 1894; that all the requirements of the constitution and laws of the state necessary to validate the bonds had been complied with; and that they had been so issued and delivered by the proper authorities. Moreover, at the time the bonds were issued, the legislature, as above stated, had enacted a law conferring, or at least attempting to confer, upon counties and cities of the state, authority to issue bonds "for irrigation or water power purposes or both," and had declared that these were works of internal improvement. Inasmuch, therefore, as the bonds were negotiable in form, it follows, from repeated decisions of this and other courts, that the plaintiff was entitled to recover on the bonds, unless they showed on their face that they were issued in violation of law, or unless it be true that the act from which the city derived its authority to issue the bonds was itself, for some reason, invalid. A purchaser of these bonds for value, in the open market, was bound, as a matter of course, to take notice of any fact of which the bonds themselves would advise him. He was required to ascertain whether an issue of bonds to the amount of $60,000 was in excess of 10 per centum of the assessed value of all taxable property in said city, and whether a valid law had been enacted, empowering the city to issue the bonds. Beyond this point an intending purchaser was not required to prosecute inquiries relative to the validity of the bonds, but was entitled to rely on the recitals therein contained that all antecedent steps necessary to render the securities valid had been taken. National Life Ins. Co. of Montpelier v. Board of Education of the City of Huron, 10 C. C. A. 637, 62 Fed. 778; E. H. Rollins & Sons v. Board of Com'rs of Gunnison Co., 26 C. C. A. 91, 98, 80 Fed. 692; City of Evansville v. Dennett, 161 U. S. 434, 443, 16 Sup. Ct. 613, 40 L. Ed. 760; Gunnison Co. Com'rs v. E. H. Rollins & Sons, 173 U. S. 255, 19 Sup. Ct. 390, 43 L. Ed. 689; City of Huron v. Second Ward Sav. Bank, 30 C. C. A. 38, 45, 86 Fed. 272;

City of South St. Paul v. Lamprecht Bros., 31 C. C. A. 585, 589, 88 Fed. 449.

We make these general observations because it appears that among the special findings which were made by the trial court concerning the issuance of the bonds in suit there are some findings of fact which cannot affect the plaintiff's right to recover, and are therefore immaterial, since the facts so found were unknown to him, and were not disclosed by the contents of the bonds. For example, the plaintiff is not chargeable with knowledge of the provisions of the city ordinance under which the bonds were issued (City of Evansville v. Dennett, 161 U. S. 434, 16 Sup. Ct. 613, 40 L. Ed. 760); nor with the fact that the water company, in whose behalf the bonds were voted, had been operating a canal for some years before they were issued, for the purpose of furnishing water power for hire for private enterprises; nor is the plaintiff chargeable with knowledge that the canal, as previously constructed, was narrow and deep, and that the water therein was below the surface of the surrounding country. Although these facts are stated in the special findings, yet there is no finding that the plaintiff was cognizant thereof, while there is a finding that he was a purchaser before maturity, in good faith and for value, which implies, of course, that he had no knowledge of any facts tending in any wise to impair the validity of the bonds, save such as was conveyed by the bonds themselves, and the act from which the power to issue them had been derived.

The principal argument which has been advanced in opposition to the judgment below is that the bonds recite that they were issued to aid in the construction of a canal for "irrigation and water power purposes." Counsel concede that a canal constructed for "irrigation purposes" is a work of a public character, to which public aid may lawfully be extended, and such is the view that is entertained by the supreme court of the state of Nebraska. Cummings v. Hyatt, 54 Neb. 35, 74 N. W. 411. See, also, the opinion of this court in Perkins Co. v. Graff (decided at the present term) 114 Fed. 441. It is claimed, however, that a canal constructed for water power purposes is not a work of a public character, in aid of which the taxing power can be exercised; that, because the legislature of Nebraska authorized counties and cities to extend aid in the construction of canals both for irrigation and water power purposes, the act conferring such power was invalid; and that as the bonds in suit show on their face that the canal, in aid of which they were issued, was designed to supply water, to some extent, for other uses than irrigation, a purchaser thereof in the open market was affected with knowledge that they were void. This argument, as applied to the case at bar, assumes that, if the water in a canal is used to generate power to be employed for any purpose (that is to say, either to operate railroads, produce electric light, or run a gristmill), such a canal is not a work of a public character. It further assumes that, even if the water of a canal is used principally for the purposes of irrigation, yet, if any part thereof is used to generate power, the canal loses its character as a work of public utility, and that the taxing power cannot be exercised in aid of its construction. We are not able to assent to either of the foregoing propositions, and be-

lieve them to be untenable. The general proposition may be conceded that a canal is not a work of a public character if the chief purpose of its construction is to create a water power to operate manufacturing plants which are in turn operated wholly for private gain, and in which the public is only incidentally or indirectly interested. Dodge v. Mission Tp., 46 C. C. A. 661, 107 Fed. 827, 54 L. R. A. 242, and cases there cited. We conceive, however, that a water power may be devoted to a public use, as where it is employed to develop electric energy to propel cars or produce light for the public benefit. Possibly the creation of a water power, by means of a dam and canal, to operate a gristmill, would, in certain localities and under some conditions, be esteemed a work of such great public utility as to justify an exercise of the power of local taxation in aid of the enterprise. Burlington Tp. v. Beasley, 94 U. S. 310, 24 L. Ed. 161; Guernsey v. Burlington Tp., 4 Dill. 372, Fed. Cas. No. 5,855; Commissioners v. Miller, 7 Kan. 479, 523, 12 Am. Rep. 425. And it surely cannot be maintained, in those arid regions where water must be transported for long distances, not only for the purpose of irrigation, but to render the region habitable, by supplying other public wants, and dams and canals are constructed at great expense for that purpose, that such works lose their public character because a part of the water which they supply is used to generate power for any of the purposes to which power may be lawfully applied. When such works of internal improvement as dams and canals are undertaken in the arid regions, the public is interested in having them built of such dimensions as will supply sufficient water to satisfy all the needs of the community. We are of the opinion, therefore, that the act of the legislature of the state of Nebraska cannot be pronounced void upon its face because it declares that a "canal and other works constructed for irrigation or water power purposes or both are * * * works of internal improvement," and authorizes public aid to be extended in the construction of such works. The act does not mean that public aid may be extended to the creation of a water power which is used merely for private gain, and it should not be so construed. It must be understood to mean that counties and cities in the state of Nebraska may aid in the construction of canals, when the waters thereof are to be devoted to irrigation and other incidental objects to which they may be conveniently and profitably applied, without prejudice to the public use. The legislature foresaw that, if canals were constructed for the purpose of irrigation, it would oftentimes be found to be convenient and beneficial to the public to use the water, to some extent, for the purpose of generating power, and it intended to sanction such use.

It follows from what has been said that there was nothing in the statute to which this discussion relates, nor on the face of the bonds, to affect a purchaser with knowledge of their invalidity, even if they were invalid. The statute vested the municipality with a power, if rightfully exercised, to issue such bonds as those in suit profess to be. The bonds contain a recital, in the broadest language, that "all the requirements of the constitution and laws of the state of Nebraska necessary to authorize the issue and delivery of the bonds have been in all respects complied with," and a purchaser thereof was entitled to

rely upon this recital unless he was advised that it was untrue. In other words, if bonds in aid of the construction of a canal for irrigation and water power purposes could be lawfully issued, he was entitled to assume that the bonds in controversy had been so issued, and was under no obligation to institute inquiries with a view of finding out whether the municipality had not abused its powers, and whether, under the guise of aiding in the construction of a canal for irrigation and incidental water power purposes, it had not in reality loaned its credit in aid of an enterprise of a purely private character. E. H. Rollins & Sons v. Board of Com'rs of Gunnison Co., 26 C. C. A. 91, 98, 80 Fed. 692. If a wrong of this character was in fact committed, it was the municipality, acting in obedience to the expressed will of more than two-thirds of its citizens, who committed it, and it cannot saddle the consequences of the wrong on an innocent purchaser of its securities. National Life Ins. Co. of Montpelier v. Board of Education of City of Huron, 10 C. C. A. 637, 651, 62 Fed. 778.

A final contention on the part of the plaintiff in error is that the proposition which was submitted to the electors of the city of Kearney relative to the issuance of the bonds, and in virtue of which they were issued, was unauthorized by law. Counsel for the city analyze the proposition, and argue that it was not a proposition to issue bonds in aid of a work of internal improvement, such as the statute contemplates, but that it was a proposition whereby the city submitted to its inhabitants the question whether it should purchase certain benefits, and pay for them in bonds; and the claim is that no law of the state authorized the submission of such a proposition, and that the bonds, for that reason, must be regarded as having been put in circulation without the sanction of a popular vote. We deem it wholly unnecessary to determine whether this analysis of the proposition is correct or otherwise, since in either event the result is the same. The plaintiff below was an innocent purchaser of the bonds. They recite the submission of a proposition to issue them "for the purpose of aiding * * * in the construction of a canal for irrigation and water power purposes," and such a recital is conclusive in favor of the plaintiff, unless it is proven that he was acquainted with the terms of the proposition which was in fact submitted, and there is no such evidence. Even if no vote had been taken, the authorities are that the recital that a proper election had been held would have been conclusive in favor of an innocent purchaser, because it was the duty of the officials who issued the bonds to ascertain and determine if a proper election had been held. Commissioners v. Beal, 113 U. S. 227, 239, 5 Sup. Ct. 433, 28 L. Ed. 966; Town of Coloma v. Eaves, 92 U. S. 484, 491, 23 L. Ed. 579; Town of Oregon v. Jennings, 119 U. S. 74, 93, 7 Sup. Ct. 124, 30 L. Ed. 323; Town of Pana v. Bowler, 107 U. S. 529, 539, 2 Sup. Ct. 704, 27 L. Ed. 424.

The judgment below was for the right party, on the showing contained in this record, and it is therefore affirmed.