WILLIAM ARGALL, impleaded with David C. Argall, *vs.* SMITH, administratrix, &c.

Where a special partnership was attempted to be formed according to the statute, but in one of the newspapers in which the terms were published the sum contributed by the special partner was, by mistake of the printer, stated at $5000, instead of $2000, which was the true sum mentioned in the certificate; *held* that the associates were all liable as general partners.

ON error from the supreme court. The defendant in error as administratrix of John G. Smith deceased, brought assumpsit for goods sold by her intestate, against the plaintiffs in error; and upon *non-assumpsit* pleaded, the jury found a special verdict, upon which the court below rendered judgment for the plaintiff. A statement of the facts found by the verdict together with the opinion of the court may be seen in the report of the case in 6 *Hill*, 479. It is sufficient to state here that the question was whether the defendants in the court below were general partners, they having signed a certificate in order to form a special partnership under the statute, the notice of which was, by mistake, incorrectly printed in one of the newspapers in which it was attempted to be published. The error was in the amount stated to have been contributed by William Argall, the special partner, which in the certificate was $2000, but in the published notice was $5000.

*F. Anthon,* for the plaintiffs in error.

*C. Judson,* for the defendant in error.

SPENCER, Senator. This case turns upon a very narrow question—whether both defendants are to be deemed general partners. This depends upon the fact whether or not the plaintiffs in error, in forming their partnership, have complied with the terms prescribed by the statute authorizing the formation of special or limited partnerships. (1 *R. S.* 764.) If they failed, it was in not complying with the requirement of the ninth sec-

tion of the act. This section prescribes that "the partners shall publish the terms of the partnership when registered for at least six weeks immediately after such registry, *in two newspapers* to be designated," &c. "in the senate district in which their business shall be carried on: and if *such* publication be not made, the partnership shall be deemed general."

These "terms" must be *truly* published in *two* papers. Not to publish at all would be clearly fatal, and it would be equally so to publish in but one paper, or in papers in any other senate district. That the amount of the capital actually paid in by the special partner would be a substantial and material portion of the terms, cannot be doubted. It is the foundation of the credit to be given. The duty of making such publication is by the statute devolved upon the partners; and it is one which they must see to at their peril. If they fail in this, the consequence is declared in plain terms: "the partnership shall be deemed general." In this the courts have no discretion. They have only to declare the will of the legislature. The publication of different "terms" in two papers, in one of which they are untruly stated, can be no better than to omit a publication altogether.

Where a statute creates new rights, exemptions and immunities, dependant upon a compliance with precedent conditions; that such conditions must be substantially and even strictly complied with needs the citation of no authority to prove.

It seems to me very clear that the judgment of the supreme court is right and should be affirmed.

On the question being put, "Shall this judgment be reversed?" nineteen members of the court, being all who were present and had heard the argument, voted in favor of affirmance.

**Judgment affirmed.**