By the Court.—Sanford, J.
The exemption from general liability for partnership debts, accorded to special partners, by the act. entitled “ Of limited partnerships ” (2 R. S. part II. ch. IV. title 1), depends upon a strict compliance with those requirements of the statute which prescribe the steps to be taken by persons desirous of forming such partnerships.
In according such exemption the statute is in derogation of common right, and the immunities, for which it provides, depend upon the performance of precedent conditions. It must therefore be strictly construed (Argall v. Smith, 3 Den. 435).
Among the conditions prescribed are: (1) The making, signing, and filing of a duly acknowledged certificate, containing, among other things, a statement of *60 the amount of capital which each special partner shall have contributed to the common stock. (2) The filing, concurrently with such certificate, of an affidavit made by one or more of the general partners, to the effect that the sums specified in the certificate to have been contributed by each of the special partners, have been, actually and in good faith, paid in cash.
By these conditions, limited liability depends, not upon payment either before or after the date fixed for the commencement of the partnership, but upon the filing of a true certificate and affidavit showing such payment to have been made. “Ho such partnership shall be deemed to have been formed” until a certificate and affidavit “ shall have been filed as above directed.” Moreover, the act in express terms provides that if any false statement be made, either in certificate or affidavit, all the persons interested in such partnership shall be liable as general partner’s.
The obvious intent, as well as the clear and unambiguous language of the statute, requires that payment, in cash, by each special, partner, of the amount of his contribution to the capital stock, shall precede the signing and acknowledgment of the certificate. How otherwise can a certificate be made, which “shall contain” a true statement of the amount of capital which each special partner “ shall have contributed 1 ” The filing of a true certificate and affidavit is not a mere matter of form. It is the substantive requirement of the statute, upon which the privilege of limited liability depends. Of course, payment must be made, as required, since, otherwise, no certificate or affidavit showing payment to have been made would be true ; but exemption depends not merely upon payment, but upon the filing of a true certificate and affidavit of payment.
In the present case, no such certificate and affidavit were ever filed.
*61 The certificate and affidavit which were made and filed, were regular in form, and ostensibly complied with the requirements of the statute. But they were not true. They contained false statements. The special capital stated therein to have been actually paid, in cash, had not been so paid. A check, dated a week or more ahead, is not cash, and the signing and delivering of such a check is not an actual payment, in cash.
Argument in support of a proposition so plain seems out of place. What can not be controverted, need not be demonstrated. The result is inevitable. No limited partnership can be deemed to have been formed. No exemption was secured. All interested in the partnership remained liable for all the engagements thereof, as general partners.
It is insisted that the subsequent payment of the check, on January 2, when it went into bank, was a substantial compliance with the statute; that such payment had relation back to the date of the certificate and affidavit; or, that the certificate and affidavit then became operative and took effect; that the plaintiff has been in no way prejudiced or misled; and that the statute was intended as much for the protection of the special partner, as for that of those dealing with him. I think it was intended wholly for the benefit and protection of the special partner, and not at all for the protection of those dealing with him. They had all the protection they needed at common law. He sought exemption from common law liability. The statute accorded it, on certain specified conditions. He. failed to comply with them. He was not misled, nor is he prejudiced. The liability of general partners is not imposed as a penalty ; a contingent statutory exemption is accorded to special partners as a privilege. The spirit of the statute is in no wise at variance with its letter. It demands the truth. To' construe it in such *62 wise as to dispense with the truth would be tantamount to a repeal of its plain provisions. The distinction between truth and falsehood can not be obliterated by construction. If an affidavit be false when made, no subsequent performance of the act which it declares to have already been performed, can make it true ; and no amount of casuistry can justify an adjudication which shall accord to falsehood the immunities which legislation has reserved exclusively for truth.
I hold that the partnership of the defendants was general and not limited, for the reason that false statements were made in the certificate and affidavit.
It is, therefore, unnecessary to consider the irregularity in publishing the terms of the partnership, to , which our attention has been directed.
A construction of the statute which would accord immunity to the defendant, under the circumstances, already discussed, would be sufficiently liberal to tolerate a much more serious infraction of its requirements than that which is involved in the publication as made.
Judgment is ordered for the plaintiff, upon the verdict, with costs.
Speir, J., concurred.