FREDERICK HENKEL

*v.*

JULIA HEYMAN.

1. LIMITED PARTNERSHIP—*statute must be substantially complied with.* As the common law does not admit of partnerships with a restricted responsibility, the statute authorizing limited partnerships must be substantially complied with, or those who associate under it will be held as general partners.

2. The statute requires that the certificate of a limited partnership, acknowledgment and affidavit shall be filed and left in the office of the clerk of the county court, and not merely left temporarily for record and then withdrawn. If taken away voluntarily on the neglect of the clerk to record the same, the limited partnership will not be formed. The statute requires the certificate to be recorded, but not the affidavit of the partners.

3. Even if the object of filing such papers was temporary, for the purpose of being recorded, if they are voluntarily taken away before being recorded, the neglect to file and record being attributable to the clerk, the partners knowing such fact, no limited partnership will be created. The partners can compel the filing and recording.

4. PLEADING—*how construed.* An averment in a pleading will be taken most strongly against the pleader. So, where a partner, by plea, states the

giving of the necessary papers to form a limited partnership to the clerk, and his neglect to file and record the same, and the taking of the same away, it will be held that such partner knew the same were not filed and recorded when he took them from the clerk.

APPEAL from the Appellate Court of the First District; the Hon. THEODORE D. MURPHY, presiding Justice, and the Hon. GEO. W. PLEASANTS and Hon. J. M. BAILEY, Justices.

This was an appeal from the Appellate Court of the First District. Suit was brought by Julia Heyman against Emanuel Hartman, Simon Hartman, and the appellant, Frederick Henkel, as partners, on a bill of exchange for $254.25, dated September 13, 1877, and payable four months after date, drawn by Julia Heyman upon Hartman Bros., and by them accepted.

The appellant, Frederick Henkel, pleaded the following special plea, to which a demurrer was sustained by the circuit court, and the affirmance of that ruling in the Appellate Court is the only error assigned which requires our consideration:

And for a further plea in this behalf, upon leave of the court first had and obtained, the said defendant, Frederick Henkel, by his said attorneys, says, that the plaintiff ought not to have her aforesaid action against him, the said Henkel, because he says that the said several supposed causes of action in said declaration mentioned are one and the same, to-wit: the supposed cause of action in said first count in said declaration mentioned, and not other or different causes of action; and that at Chicago, to-wit: in the county of Cook aforesaid, on, to-wit: the first day of March, A. D. 1877, the said defendant, Frederick Henkel, made and entered into an agreement with Emanuel Hartman and Simon Hartman, in and by which they, the said Henkel, Emanuel Hartman and Simon Hartman, agreed to form a limited co-partnership, for the purpose of carrying on the rectifying and wholesale liquor business in the city of Chicago, in said county of Cook, under the style and firm of "Hartman Bros.," and that the said Emanuel Hart-

man and Simon Hartman, and this defendant, then and there executed the following certificate, to-wit:

"This is to certify that Emanuel Hartman, Simon Hartman and Frederick Henkel, of the city of Chicago, county of Cook, and State of Illinois, have formed a limited co-partnership for the purpose of carrying on the rectifying and wholesale liquor business in the city of Chicago, county of Cook, and State of Illinois, under the style and firm of 'Hartman Bros.,' said partnership to continue until January 1, 1879, commencing from March 1, 1877. The said Emanuel Hartman and Simon Hartman are the general partners and the said Frederick Henkel is the special partner, and has contributed fifteen thousand dollars ($15,000) in cash towards the capital of said co-partnership.

"In witness whereof, we, each and severally, hereto set our hands, this first day of March, A. D. 1877.

EMANUEL HARTMAN,
SIMON HARTMAN,
FREDERICK HENKEL."

And that the said Emanuel Hartman, Simon Hartman and this defendant, then and there acknowledged the said certificate before a notary public of Cook county, which said acknowledgment is in the words and figures following, to-wit:

"STATE OF ILLINOIS, ⎱ ss.
   County of Cook. ⎰

"There personally appeared the within named Emanuel Hartman, Simon Hartman and Frederick Henkel, known to me to be the individuals named in and who executed the foregoing certificate, and severally acknowledged the same to be their free act and deed, and in all particulars correct, before me, Benjamin W. Shaffner, a notary public in and for said county, this second day of March, A. D. 1877.

"In witness whereof I have hereunto set my hand and notarial seal, the day and year last aforesaid.

[L. S.]            BENJAMIN W. SHAFFNER,
                         *Notary Public.*"

And that the said Emanuel Hartman and Simon Hartman then and there executed the following certificate, to-wit:

" We, Emanuel Hartman and Simon Hartman, general partners in the within named co-partnership of Hartman Bros., hereby certify that Frederick Henkel, special partner in said co-partnership, has actually and in good faith paid in cash the sum of $15,000 towards the capital stock of said co-partnership, as set forth in the above certificate.

EMANUEL HARTMAN,<br>SIMON HARTMAN.

" Dated at Chicago, this first day of March, A. D. 1877."

And duly made oath to the truth of the same, in the words and figures following, to-wit:

" *Chicago, March* 1, *A. D.* 1877.

" STATE OF ILLINOIS, ⎱ ss.
　　County of Cook. ⎰

" There personally appeared the above named Emanuel Hartman and Simon Hartman, and made oath to the foregoing statement by them subscribed.

EMANUEL HARTMAN.

" Subscribed and sworn to before me by the said Emanuel Hartman, this second day of March, A. D. 1877.

[L. S.]　　　　　　　　BENJAMIN SHAFFNER,
*Notary Public.*"

That on, to-wit: said first day of March, in the year 1877, at Chicago, aforesaid, the said Frederick Henkel paid and contributed to the common stock of said limited partnership, actually and in good faith, the sum of $15,000 in money; and that on said last mentioned day, to-wit: at Chicago, in said county, the said defendants caused to be published in the " Chicago Evening Journal," a newspaper then printed and of general circulation in the said county of Cook, in which such business was to be carried on, for the period of —— days, successively, the following notice, to-wit:

" *Limited Co-partnership.*—This is to certify that Emanuel Hartman, Simon Hartman and Frederick Henkel, of the city

of Chicago, county of Cook, and State of Illinois, have formed a limited co-partnership, for the purpose of carrying on the rectifying and wholesale liquor business in the city of Chicago, county of Cook, and State of Illinois, under the style and firm of Hartman Bros. Said co-partnership is to continue until January 1, 1879, commencing on the first day of March, 1877. The said Emanuel Hartman and Simon Hartman are the general partners and the said F. Henkel is the special partner, and has contributed fifteen thousand dollars ($15,000) in cash towards the capital of said co-partnership.

"In witness whereof we have hereunto set our hands, this first day of March, 1877.

EMANUEL HARTMAN,
SIMON HARTMAN,
FREDERICK HENKEL."

And that the date of the first paper containing the same was the third day of March, A. D. 1877, and of the last was the 13th day of April, A. D. 1877.

That on said second day of March, 1877, the said defendants took the said certificate of limited partnership, together with the said acknowledgment and the said certificate of Emanuel Hartman and Simon Hartman that the said sum of $15,000 in money had been paid towards the capital stock of said partnership, and the said affidavit of the said Emanuel Hartman to the truth of the said last mentioned certificate, to the office of the county clerk of Cook county, and there delivered the same to the said county clerk of Cook county, and requested of him that he file and record the same, and paid the said clerk of Cook county his fees therefor.

The following allegation in brackets is the amendment afterwards allowed:

[And the said Henkel avers, that the said clerk, neglecting his duty in the premises, did not file and record said papers, as required by law, but returned them to the said defendants, after having the charge and custody of the same for a time sufficient to file and record the same, and that said papers

were then, on said third day of March, by said defendants taken from the office of said clerk, and thereafter remained in the custody and under the control of the said defendants.]

And the defendant, Henkel, further avers, that on said second day of March, 1877, at Chicago, in said county, the said firm of Hartman Bros., under the firm name and style of "Hartman Bros.," so, as aforesaid, formed, commenced and carried on the said business; and so this defendant says, that he was not, at the time of the formation of said partnership, has not since been, and is not now a general partner of said firm of Hartman Bros., but was then, has since been, and is now, a special partner, only, in said firm, according to the statute in such case made and provided, of which premises the plaintiff then and there had notice. And this the said defendant, Henkel, is ready to verify.

Messrs. MONROE, BISBEE & BALL, for the appellant.

Mr. ADOLPH MOSES, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The common law did not admit of partnerships with a restricted responsibility, and the statute, therefore, authorizing limited partnerships must be substantially complied with, or those who associate under it will be liable as general partners. *Bowen* v. *Argall*, 24 Wend. 496; *Smith* v. *Argall*, 6 Hill, 479; Same again in 3 Denio, 435; *Richardson* v. *Hogg*, 38 Penn. St. 153; *Andrews* v. *Schott*, 10 id. 47; *Van Ingen* v. *Whitman*, 62 N. Y. 513.

Our statute in relation to "Limited Partnerships" requires that the certificate showing the formation of the partnership, when properly acknowledged, shall be *filed* in the office of the county clerk and recorded at large, etc., and that there shall also be filed in the same office, at the same time, "an affidavit of one or more of the general partners, stating that the amount in money, or other property at cash value,

specified in the certificate to have been contributed by each of the special partners to the common stock, has been actually and in good faith contributed and applied to the same." And it is expressly provided that "no such partnership (*i. e.* limited partnership) shall be deemed to have been formed until such certificate, acknowledgment and affidavit shall have been filed as above directed." Rev. Stat. 1874, p. 678, secs. 6, 7, 8.

The averment in this plea comes far short of the requirement of the statute. The statute requires that the certificate, acknowledgment and affidavit shall be *filed*—that is, placed to be kept (13 Vin. Abrid't. 211) in the office of the clerk of the county—and not, as averred, merely temporarily deposited there. Had the certificate, acknowledgment and affidavit been left with the county clerk, with directions to file them, his refusal to comply with the directions would not, doubtless, have affected the rights of the parties. In that case the parties would have done all that they could have done to comply with the law. But here the papers are taken away by the parties themselves. By their own voluntary act they prevent the papers from being on file.

But counsel insist the statute does not require that the certificate, acknowledgment and affidavit shall be kept on file: and that the rules applicable to deeds, etc., filed for record must apply to these documents.

The statute uses no qualifying language in regard to the filing of these papers. It does not say they shall be filed "for record," or "until recorded," but that they *shall be filed;* and the *certificate* so acknowledged and certified shall also be recorded—but the affidavit of the partners is not required to be recorded. See Rev. Stat. 1874, p. 678, secs. 6, 7.

Deeds, mortgages and other instruments relating to or affecting the title to real estate, are required to be recorded, and the statute makes them void as to creditors and subsequent purchasers without notice, until they are *filed for record,* and the record is made evidence of the deed or other instrument in behalf of all persons not having the original in possession.

In those cases, the sole object of the filing of the instrument is, to enable it to be recorded. After filing and until the recording, the deed or other instrument is, itself, constructive notice, —after the recording, the record affords such notice.

As before observed, the language here does not indicate that the filing is to be temporary merely, but permanent. Like the filing of a declaration, and other papers required in practice to be filed, it would seem the papers filed are to become part of the permanent records of the court.

But even if we were prepared to hold that the object of filing is only temporary—to allow the papers to be recorded—it would be impossible, under this plea, to hold that Henkle has done all that the law required him to do, to limit his liability.

It is averred the papers were not filed and recorded, by reason of the neglect of duty by the clerk; but it is also averred that the papers were taken away from the clerk's office, by Henkle, and that he has since retained their possession,—and it is not averred that he did not know they were not filed and recorded when he took them away. This averment, under an old and familiar rule of pleading, must be taken most strongly against the pleader, (1 Chitty's Pleadings, 7 Am. ed. 578;) and so we must conclude, when he took the papers away, he knew they were not filed and recorded.

No case cited by counsel goes to the extent of holding that the mere neglect of a clerk to record a paper will justify a party in knowingly taking it away from the office unrecorded, and in dispensing with all further efforts to have it recorded. If he knew the papers were not filed and recorded, he was inexcusable in taking them away from the office in that condition. It was his duty, and the law gave him ample remedy, to compel the clerk to file and record the papers.

We think the plea was clearly insufficient and the demurrer to it was properly sustained.

The judgment below is affirmed.

*Judgment affirmed.*