# WILLIAM ADAM
## V.
## CHARLES S. MUSSON AND HENRY W. LEMAN.

*Limited Partnerships—Liability as General Partner—Compliance with Statute.*

1. In order that one shall obtain the benefit of a limited liability provided by the statute authorizing the formation of limited partnerships, it is essential that all the requirements of the statute shall be observed in spirit and in letter.

2. A limited partnership is not created until the certificate referred to in Sec. 6 of the statute relating to limited partnerships, is filed in the office of the clerk of the county in which the principal place of business is situated, and actually recorded.

3. This court holds that a defendant named was liable in the case presented as a general partner, the law relating to limited partnerships not having been complied with.

[Opinion filed January 16, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. J. J. PARKER and J. C. F. ROYER, for appellant.

Messrs. MILLER, STARR & LEMAN, for appellee.

MORAN, P. J.   Appellee Leman, by articles of limited partnership, became a limited partner in the firm of Chas. S. Musson & Co., in which firm said Musson was the general partner. The articles provided that said Leman should contribute $500 in cash as such limited partner; that the general nature of the business to be carried on by the firm was railroad building and public contract work, and that the office of the firm was to be at Chicago, Illinois.   The articles of copartnership were recorded in Cook county, Illinois.   This action was brought to charge Leman as a general partner, and upon the trial in the court below the finding and judgment was in his favor.

The evidence showed that appellant furnished lumber to the firm, while it was carrying on the business of constructing a railway in Will county.   That the firm had a place of business at 112 Chicago street, Joliet, in said Will county; that the sign C. S. Musson & Co. was on the door, and clerks of the firm were there; that Musson was at Joliet while the work was carried on, and had tools there, and hired men and teams.   The firm never did any other business than that done in Will county, and had no office in Chicago or in Cook county, except the law office of Mr. Leman, and it does not appear that said law office bore any sign or other indication of being the office or place of business of the firm, or that the firm ever transacted business of any kind at said office.

In order that one shall obtain the benefit of a limited liability, provided by the statute authorizing the formation of limited partnerships, it is essential that all the requirements of the statute shall be observed, both in spirit and in letter. Exact compliance with the law on all material points is the condition on which general partnership liability can be avoided.

Section 6 of the statute of this State relating to limited

Adam v. Musson.

partnerships, provides that the certificate of partnership "shall be filed in the office of the clerk of the county in which the principal place of business shall be situated, and shall be recorded at large by the clerk, in a book to be kept by him. * * * If the partnership shall have places of business situated in different counties, a transcript of such certificate, and of the acknowledgment thereof, duly certified by the clerk in whose office it shall have been filed, under his official seal, shall be filed and recorded in like manner in the office of the clerk of every such county." The limited partnership is not created until the certificate referred to in the foregoing section of the law is actually recorded. Hankel v. Heyman, 91 Ill. 96.

It can not, in our opinion, be created, until the certificate is filed in the office of the clerk of the county in which the principal place of business shall be situated. Is it sufficient to designate in the articles a place as the location of the principal place of business or office of the firm, and record the articles there, when, in fact, the only business carried on by the firm is transacted, and the only firm office or business place known to the public is located in a different county? What is a business, and what "a place of business," has been the subject of judicial inquiry in cases involving the question of the proper place of service of notice to hold persons secondarily liable on negotiable paper.

In Bank of Columbia v. Lawrence, 1 Peters, 580, the court said: "But the evidence does not show that defendant had a place of business in the city of Washington, according to the usual commercial understanding of a place of business. There was no public notoriety of any description given to it as such. No open or public business of any kind carried on, but merely occasional employment there two or three times a week, in a house occupied by another person."

In Stephenson v. Primrose, 8 Porter (Ala.) 155, it is said: "The term 'business,' in common parlance, means that employment which occupies the time, attention and labor. * * * And a place of business must be understood to be a place actually occupied, either continually or at regular

periods, by a person or his clerks, or those in his employment."

These seem to us to be fair definitions, and applying them to the facts of this case, it is very clear that the firm of Chas. S. Musson & Co. not only had not its principal place of business in Chicago, but that it had no "place of business" in said city, in the "usual commercial understanding" of that term, and that its principal, and, so far as this record shows, its only place of business was at Joliet, in Will county. There, and there only, its time, attention and labor was bestowed, and there, and nowhere else, it had a place or office devoted to its business and occupied by its employes, and marked with a sign to give public notoriety to its existence. It had there "a local habitation and a name."

The certificate of partnership was never filed for record in Will county, nor was a certified copy thereof. Therefore, if we are right in saying that the principal place of business was there, no limited partnership was ever created. But if Will county was not the principal place of business, the firm certainly had a place of business there, and were not merely and only doing work there, and under the second clause of the statute above quoted, a certified copy of the certificate should be filed there. In re Thayer (U. S. D. C.) 7 Am. Law Review, 172; Loomis v. Hoyt, 52 N. Y. Sup. R. 287; Levy v. Lock, 5 Daly, 46.

We are of opinion that the court erred in giving judgment for appellee Leman. The court should have found, on the evidence submitted, that the limited partnership was never created, so far as appellant was concerned, and have given him judgment for the amount of the firm indebtedness against said Leman as a general partner.

The judgment will be reversed and the case remanded.

*Reversed and remanded.*