## James H. Walker et al. v. William Wood et al.

1. PARTNERSHIPS—*Limited and General.*—The court holds that the statute under which limited partnerships may be formed, has not been complied with in this case, and that where that is not done the partnership is general.

Walker v. Wood.

2. NOVATION—*Essential Requisites.*—A novation can not exist without a previous valid obligation, agreement of all the parties to a new obligation, the extinguishment of the old and the validity of the new obligation.  Hayward v. Burke, 151 Ill. 121.

Assumpsit, goods sold and delivered, etc.  Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.  Heard in this court at the March term, 1897.  Affirmed.  Opinion filed March 15, 1897.

WILLIAM R. ODELL, attorney for appellants.

PARTRIDGE & PARTRIDGE, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

What this case is, is most easily shown by copying from the abstract as follows :

" Plaintiff gave in evidence stipulation of facts as follows :

State of Illinois,     ss.     In the Superior Court of Cook
County of Cook.                County.

      William Wood et al.,

           v.

James H. Walker, Wm. B. Howard   ss.   Gen. No 154,320.
   and Columbus R. Cummings, as
   James H. Walker & Co.

It is hereby stipulated and agreed by and between the parties to the above entitled cause, by their respective attorneys, for the purpose of the trial of said cause in said court, that upon the trial of said cause the following facts are admitted and agreed by the respective parties, provided, however, that other proofs as to any fact or matter involved in said suit, not inconsistent with the statements contained in this stipulation, may be introduced by either of the parties upon the trial of said cause.

Said defendants, on the 27th day of December, 1892, were engaged in the dry goods business under the firm name of James H. Walker & Co., and said firm was indebted to plaintiffs for goods sold and delivered to the said firm in the amount of one thousand two hundred thirty-nine dollars

and ninety-eight cents ($1,239.98). This amount does not include amount of the payment of June 17, 1893.

On or about said December 27, 1892, the corporation, which had previously been organized under the laws of the State of Illinois, under the name of James H. Walker Company, purchased the business and assets of said firm, and assumed the payment of the outstanding liabilities of said firm, including the amount of the plaintiffs' claim herein.

Said corporation proceeded to carry on the said dry goods business, and on or about January 20, 1893, caused a notice to be sent to the plaintiffs, which was received by the plaintiffs at that time, and which was to the effect that the assets and business of said firm had been acquired by said corporation and that said corporation had assumed the outstanding liabilities of said firm. Among these liabilities was the present claim of the plaintiffs herein.

On or about the 4th of August, 1893, said corporation became insolvent, and the Chicago Title and Trust Company was appointed receiver of the assets of said corporation by the Circuit Court of Cook County. The amount of the plaintiffs' claim was proved as a claim against said corporation before said receiver, on the ground that the amount of said claim has been assumed by said corporation, and dividends to the aggregate amount of eight hundred ninety-two seventy nine one hundredths dollars ($892.79) were thereafter paid on said claim by said receiver to the plaintiffs.

It is agreed that this stipulation is for the purposes of the trial of the above entitled cause alone, and that the matters and things therein contained are not admitted for the purpose of any other trial or litigation whatsoever.

Dated this 23d day of October, A. D. 1896.

           Partridge & Partridge,
             Attorneys for Plaintiff.
           Willits, Case & Odell,
             Attorneys for Defendants.

And thereupon defendants gave in evidence:

Articles of partnership, stating that James H. Walker, Columbus R. Cummings and William B. Howard, all of

Chicago, for the purpose of forming a limited partnership, etc., certify that name is to be James H. Walker & Co., the nature of the business to be carried on is wholesale dealers and jobbers of dry goods; that James H. Walker is general partner and Cummings and Howard special partners; that Cummings has contributed property of cash value of $616,550, and Howard has contributed property of cash value of $493,450; that the partnership is to commence February 1, 1892, and terminate January 30, 1895; that partnership shall not be dissolved by death of partners, etc.

(Signed)       JAMES H. WALKER,       [SEAL.]
               COLUMBUS R. CUMMINGS,   [SEAL.]
                 By OTHO S. GAITHER,
                       His attorney in fact.
               WILLIAM B. HOWARD.

Acknowledged as follows:

State of Illinois, } ss.
County of Cook.  }       I, Frank E. Hayner, a notary public in and for said county in the State aforesaid, do hereby certify that James H. Walker and William B. Howard, personally known to me to be the same persons whose names are subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that they signed, sealed and delivered the said instrument as their free act and deed, for the uses and purposes therein set forth, and that Otho S. Gaither, attorney in fact for Columbus R. Cummings, personally known to me to be the same person whose name as such attorney in fact is subscribed to the foregoing instrument, appeared before me this day in person and then and there acknowledged that he signed, sealed and delivered the said instrument as such attorney in fact for and on behalf of his said principal, as his free and voluntary act, for the uses and purposes therein expressed.

Given under my hand and notarial seal this first (1st) day of February, A. D. 1892.

                       FRANK E. HAYNER,
                         Notary Public.

Affidavit of Walker' that the property contributed by Cummings and Howard has been contributed actually and in good faith.

State of Illinois, ⎱ ss.    In the Circuit Court of Cook
County of Cook. ⎰          County. In chancery.

Juillard et al.
vs.
James H. Walker & Company et al.
Defendants.

To the honorable judges of said court, in chancery sitting:

Your petitioners, William Wood, John P. Wood, John McGill and Irwin Shupp, respectfully represent unto the court that they are copartners trading together under the name and style of William Wood & Co.; that they sold goods, wares and merchandise to the partnership of James H. Walker & Co., in the month of December, 1892; a more particular description of which said goods and of the dates of said sales is set out in the statements of the accounts hereto attached as part of the proof of claim; that said partnership of James H. Walker & Co. was, on the 31st day of December, 1892, indebted to said firm trading as William Wood & Co., on account of said goods, wares and merchandise sold and delivered, after allowing to them all just credits, deductions and set-offs, in the sum of twelve hundred thirty-nine and 98-100 (1,239.98) dollars, with interest thereon at the rate of five (5) per cent per annum, from June 1, 1893, until the same shall be paid; and that said defendant in the above entitled cause, James H. Walker Company, a corporation, etc., assumed said debts of said partnership, and agreed to pay the same to petitioners, and that there is now due on account of said demand from said James H. Walker Company, a corporation, to your petitioners, after allowing to said defendant all just credits, deductions and set-offs, the sum of twelve hundred thirty-nine and 98-100 (1,239.98) dollars, with interest thereon from June 1, 1893, at the rate of five (5) per cent per annum until the same is fully paid.

Your petitioners therefore pray that their said claim herein referred to, and the proof of which is hereto attached, be allowed as a claim against the said James H. Walker

Company, defendant, and that the receiver of said defendant be ordered to pay the same in due course of administration of the estate of said defendant, and for such other and further relief as to the court may seem meet and to equity may appertain.

WILLIAM WOOD,
JOHN P. WOOD,
JOHN McGILL,
IRWIN SHUPP.

By N. A. PARTRIDGE, their Solicitor.

State of Illinois, } ss.   In the Circuit Court of Cook County,
County of Cook.   }          in chancery sitting.

A. D. Juillard et al. v. James H. Walker et al.

L. A. Carton v. James H. Walker et al.

To Chicago Title and Trust Company, receiver, and to Hon. Geo. Bass, master in chancery:

State of Pennsylvania, } ss.   John P. Wood, co-partner
County of Philadelphia. }          with William Wood, John McGill and Irwin Shupp, trading as William Wood & Co., being duly sworn, says that the demand of the said claimants, William Wood & Co., in the above entitled cause, is for goods, wares and merchandise sold and delivered by the said William Wood & Co. to the said James H. Walker Company, and that there is due to the plaintiffs from the defendants, after allowing to them all just credits, deductions and set-offs, twelve hundred and thirty-nine and 98–100 dollars.   *Jurat.*          JNO. P. WOOD.

WILLIAM WOOD & CO.,
Manufacturers,

Office: Twenty-second and Spring Garden Streets.

PHILADELPHIA, Nov. 7, 1893.

JAS. H. WALKER CO.                                        Dr.

| | | | |
|---|---|---|---:|
| Dec. 1, '92. | To Mdse. 2 per cent. 60 d., 3/1.. | | 322.38 |
| 3, " | " | " .. | 57.88 |
| 30, " | " | " .. | 1,359.72 |
| | | | 1,739.98 |
| June 17, By cash..... ...................... | | | 500.00 |
| | | | 1,239.98 |

State of Illinois, } ss.     In the Circuit Court of Cook
County of Cook. }              County.

       A. D. Juillard et al. v. James H. Walker Co. et al.

         L. A. Carton v. James H. Walker Co. et al.

To Chicago Title and Trust Company, receiver, and to Hon. Geo. Bass, master in chancery:

Commonwealth of Pennsylvania, }
City and County of Philadelphia. }    John P. Wood, co-partner with William Wood, John McGill and Irwin Shupp, trading together as William Wood & Co., being duly sworn, says that the demand of the said William Wood & Co. against the above named company, a copy of which is hereto attached, is for goods, wares and merchandise sold and delivered by the said William Wood & Co. to the said James H. Walker Company, and that there is due to the said William Wood & Co. from the said company, after allowing to it all payments, deductions and set offs, the sum of thirteen hundred and fifty-five 72-100 dollars. Defendant further says that the said claimants are residents of said Philadelphia, Pa.

    *Jurat.*                            JNO. P. WOOD.

WILLIAM WOOD & CO.,
Manufacturers,
Office: Twenty-second and Spring Garden Streets,
PHILADELPHIA, Nov. 7, 1893.

| JAS. H. WALKER Co. | | | | | | Dr. |
|---|---|---|---|---|---|---|
| Feb. 2, '93. | To Mdse. 2 per cent 60 d., 3/1.. | | | | | 229.74 |
| June 22, " | " | | 10 " | " | .. | 415.92 |
| " 22, " | " | | " " | " | .. | 259.83 |
| July 24, " | " | | " " | " | .. | 255.02 |
| " 24, " | " | | " " | " | .. | 401.93 |
| | | | | | | 1,562.44 |
| Aug. 31. | By Mdse...................... | | | | | 206.72 |
| | | | | | | 1,355.72" |

On this the court held that Cummings was a general partner with Walker because no authority from Cummings to Gaither to act for Cummings was shown; and also held

that the old firm had not been discharged from the debt by the assumption of it by the corporation, and the subsequent acts of the appellees, in both which holdings we concur.

The case presents important questions, but we sum up our opinion by saying that the statute under which limited partnerships may be formed was not complied with, and unless that is done the partnership is general. Manhattan Brass Co. v. Allin, 35 Ill. App. 336; Adam v. Musson, 37 Ill. App. 501; and that the evidence is not enough to show a novation by which the firm was discharged. Hayward v. Burke, 151 Ill. 121.

The judgment is affirmed.