## David Mark Cummings et al., Ex'rs, etc., v. Orville B. Hayes et al., Partners as Hayes & Co.

1. LIMITED PARTNERSHIPS—*Statute Authorizing Must Be Complied With.*—The provisions authorizing limited partnerships must be substantially complied with, or those who are associated under it will be liable as general partners.

2. SAME—*Construction of the Statute.*—Such portions of the statute authorizing limited partnerships as appertain to the protection of persons dealing with them, are to be liberally construed and must be strictly observed by the members of the firm.

3. SAME—*Portions of the Statute to be Strictly Construed.*—Those portions of the statute authorizing the formation of limited partnerships, viz., the statements of capital contributed by the special partners, the duration of the partnership, the names of the parties and their assent thereto, are designed for the protection of persons dealing with such partnership, and are to be strictly construed as against the members of the firm.

4. SAME—*Requirements of the Act.*—Persons desirous of forming a limited partnership must severally make and sign a certificate to that effect to be acknowledged by the several persons signing the same.

5. SAME—*Acknowledgments by Attorneys in Fact.*—If it be permissible for a person desirous of forming a limited partnership to sign and acknowledge the necessary certificate by an attorney in fact, such acknowledgment must be accompanied by evidence showing the authority of the attorney to act.

Assumpsit, for goods sold and delivered. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed February 21, 1902.

This action was brought by appellees against James H. Walker, Columbus R. Cummings and William B. Howard, as partners under the firm name of James H. Walker & Co., to recover for indebtedness due to appellees from the copartnership of James H. Walker & Co., in the sum of $595.06, for goods sold by appellees to the copartnership on the first day of December, 1892.

The case was heard before the court without a jury, and it was stipulated by the defendants that the copartnership of James H. Walker & Co. did become indebted to the plaintiffs on the first day of December, 1892, in the sum of

$595.06, and if the court should find that the plaintiffs were entitled to a finding against the defendants, or any of them, the finding should be for that sum.

It was also agreed that the defendants might offer, under the plea of general issue, evidence to establish any defense that would have been admissible under special pleas. The defense which the defendants endeavored to establish was that the copartnership of James H. Walker & Co. was a limited partnership, organized and existing under the laws of this State, and that James H. Walker was the general partner, and Columbus R. Cummings and William B. Howard were special partners, and could not, therefore, be held liable for the indebtedness of the copartnership.

To sustain this defense the defendants offered in evidence the following:

(1)  A certified copy of the certificate of copartnership, dated February 1, 1892, purporting to be executed by James H. Walker, Columbus R. Cummings and William B. Howard, as follows:

" This is to certify that the undersigned, James H. Walker, Columbus R. Cummings, and William B. Howard, all of the City of Chicago, in the County of Cook and State of Illinois, being desirous of forming a limited partnership, under the provisions of an act of the legislature of Illinois, entitled 'An Act to revise the law in relation to limited partnership,' approved March 18th, 1874, and in force July 1st, 1874, do hereby and for that purpose certify as follows, that is to say :

" First.   The name of the firm under which the said limited partnership is to be conducted is and shall be James H. Walker & Co.

" Second.   The general nature of the business to be transacted by said limited partnership shall be that of wholesale dealers and jobbers of dry goods and general retail dealers in dry goods and fancy goods.

" Third.   The name of the general partner is James H. Walker, who resides in the City of Chicago, in the County of Cook and State of Illinois, and the names of the special partners are Columbus R. Cummings and William B. Howard, both of whom reside in the City of Chicago, in the County of Cook and State of Illinois.

" Fourth.   The said Columbus R. Cummings has contrib-

uted to the common stock of said limited partnership as special partner, property suited to the business of said limited partnership of the cash value of the sum of six hundred and sixteen thousand five hundred and fifty dollars, and the said William B. Howard has in like manner contributed to the common stock of said limited partnership property suited to its business of the cash value of four hundred and ninety-three thousand four hundred and fifty dollars.

" Fifth. The period at which said partnership is to commence shall be the first day of February, A. D. 1892, and the period at which said partnership shall terminate shall be the thirtieth (30th) day of January, A. D. 1895.

" Sixth. The said limited partnership shall not be dissolved by the death of either or both of the special partners, but the same shall be continued until the end of the time herein limited, and the said limited partnership shall not be dissolved by the death of said general partner, said deceased general partner's interest remaining as special capital in said limited partnership after said general partner's decease, in the manner provided by said articles of partnership.

> " JAMES H. WALKER. [SEAL]
> " COLUMBUS R. CUMMINGS. [SEAL]
> " By OTHO S. GAITHER, [SEAL]
>   " His attorney in fact.
> " WILLIAM B. HOWARD. [SEAL]

" STATE OF ILLINOIS, &#125; ss.
" County of Cook. &#125;

"I, Frank E. Hayner, a notary public in and for the said county, in the State aforesaid, do hereby certify that James H. Walker and William B. Howard, personally known to me to be the same persons whose names are subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that they signed, sealed and delivered the said instrument as their free act and deed for the uses and purposes therein set forth, and that Otho S. Gaither, attorney in fact for Columbus R. Cummings, personally known to me to be the same person whose name as such attorney in fact is subscribed to the foregoing instrument, appeared before me this day in person and then and there acknowledged that he signed, sealed and delivered the said instrument as such attorney in fact for and on behalf of his said principal, as his free and voluntary act, for the uses and purposes therein expressed.

"Given under my hand and notarial seal this first (1st) day of February, A. D. 1892.

                   "Frank E. Hayner,

(Notarial Seal.)               "Notary Public.

"State of Illinois, ⎱ ss.
"County of Cook. ⎰

"James H. Walker, being first duly sworn, makes oath and thereupon says that he is the general partner in the limited partnership of James H. Walker & Co., as set forth in the certificate of the formation of said partnership filed herein; that Columbus R. Cummings, one of the special partners therein, has contributed to the common stock of said limited partnership the amount of $616,550 in property having that cash value, and William B. Howard, the other special partner, has in like manner contributed to the said common stock the amount of $493,405 in property having that cash value, and that all of said property has been by said special partners actually and in good faith contributed as aforesaid to the said common stock and applied to the same.

                   "Jas. H. Walker.

"Subscribed and sworn to before me this 1st day of February, A. D. 1892.

                   "Frank E. Hayner,

(Notarial Seal.)               "Notary Public."

Annexed thereto was the following, which the defendants also introduced :

### "CERTIFICATE OF PUBLICATION.

"This is to certify that the notice of limited partnership, a true copy of which is hereto annexed, was published in the Legal Adviser, a secular newspaper of general circulation, published weekly in the city of Chicago, Cook county, and State of Illinois, by the Law Publishing Company, a corporation existing under the laws of the State of Illinois, six times in six successive weeks, and that the dates of said publication were as follows:

"First week, on the 3d day of February, A. D. 1892.

"Second week, on the 10th day of February, A. D. 1892.

"Third week, on the 17th day of February, A. D. 1892.

"Fourth week, on the 24th day of February, A. D. 1892.

"Fifth week, on the 2d day of March, A. D. 1892.

"Sixth week, on the 9th day of March, A. D. 1892.

"Said paper being specially authorized by law as the proper medium for the publication of legal notices of said

county by virtue of an act entitled, 'An act to incorporate the Franklin Printing and Publishing Company,' approved March 1, 1867, the name of which corporation has been changed according to law to 'The Law Publishing Company.'

"In testimony whereof, the Law Publishing Company have caused this certificate to be signed by their president and secretary and the corporate seal thereof to be affixed, this 10th day of March, A. D. 1892.

"T. C. HAINES,

"President.

"ANDREW MATTESON,

"Secretary.

{ "THE LAW PUBLISHING COMPANY,
      CHICAGO, ILLINOIS,
         COOK COUNTY." }

The defendants also gave in evidence the following power of attorney :

"Know all men by these presents, that I, Columbus R. Cummings, of the City of Chicago, County of Cook and State of Illinois, have made, constituted and appointed, and by these presents do make, constitute and appoint Otho S. Gaither, of the same city, county and state, true and lawful attorney for me and in my name, place and stead, to demand, sue for and collect all debts, dues or claims whatsoever due or becoming due to me, to sign my name to all documents required in contracts made by me or wherein I may be now, or hereafter become a party in interest, to execute and deliver promissory notes, and to transfer and deliver securities belonging to me, either in his custody or the custody of banks and bankers, and in so doing to issue directions to such banks or bankers for such delivery, giving and granting unto Otto S. Gaither, said attorney, full power and authority to do and perform all and every act and thing whatsoever, requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that my said attorney or his substitute shall lawfully do or cause to be done by virtue thereof.

"In witness whereof, I have hereunto set my hand and seal the 15th day of September, one thousand eight hundred and ninety-one.

"Signed, sealed and delivered in presence of John M. Wright.        COLUMBUS R. CUMMINGS.    [SEAL.]

"STATE OF ILLINOIS, } ss.
    Cook County,

On the 15th day of September, 1891, before me, a notary public of the County of Cook, in the State of Illinois, appeared Columbus R. Cummings, personally known to me to be the real person whose name is subscribed to the foregoing power of attorney, as having executed the same, and then and there acknowledged the execution thereof as his free act and deed.

Given under my hand and seal.

{ WILLIAM A. RAWSON,          WILLIAM A. RAWSON,
    NOTARIAL SEAL,                Notary Public."
    COOK COUNTY.

" STATE OF ILLINOIS, } ss.
    County of Cook.

I, William A. Rawson, a notary public in and for said State, do hereby certify that the within document is a true and correct copy of a certain power of attorney executed and acknowledged by Columbus Cummings before me on the 15th day of September, A. D. 1891.

Given under my hand and seal this 22d day of September, A. D. 1891.

{ WILLIAM A. RAWSON,          WILLIAM A. RAWSON,
    NOTARIAL SEAL.                Notary Public."
    COOK COUNTY.

S. A. LYNDE and J. C. HOWARD, attorneys for appellants.

MOSES, ROSENTHAL & KENNEDY, attorneys for appellees.

In the formation of limited partnerships, it is essential that all the requirements of the statute shall be observed in spirit and in letter. Adam v. Musson, 37 Ill. App. 501; Henkel v. Heyman, 91 Ill. 96; Pfirmann v. Henkel, 1 Brad. 145; Maloney v. Bruce, 94 Pa. St. 249; Richardson v. Hogg, 38 Pa. St. 153.

The failure to comply with any one of the provisions of the statute, incurs the penalty of a general partnership. Van Dike v. Rosskam, 67 Pa. St. 330, 333.

It is doubtful if any attorney in fact can act under this statute. Walker v. Wood, 170 Ill. 463.

Contributions to capital "in cash, or other property at cash value," is not satisfied by putting in an undivided sur-

plus of a former expired partnership, after first deducting the liabilities of the firm. Vanhorn v. Corcoran, 127 Pa. St. 255; Haslet v. Kent, 28 Atl. (Pa.) 501.

Citing Maloney v. Bruce, 94 Pa. St. 249; Rehfuss v. Moore, 134 Pa. St. 472; Cock v. Bailey, 146 Pa. St. 338; Laflin v. Steytler, 146 Pa. St. 443; Gearing v. Carroll, 151 Pa. St. 79.

. Where there is but one general partner in a limited partnership, the addition of " & Co." to represent the special partners, is prohibited, unless specifically authorized by statute. Buck v. Alley, 145 N. Y. 492; Andrews v. Schott, 10 Pa. St. 47.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The court held that Cummings and Howard were general partners and the defendants liable as such; and also that the proof of the publication of the partnership articles was insufficient under the statute " to form a limited partnership and to furnish public information thereof; " whereupon judgment for the entire claim of appellees was rendered.

Limited partnerships seem not to have been known in Europe prior to A. D. 1166, when, by the statutes of Pisa and Florence, they were recognized. Europe, to the Jews and Lombards, is indebted for this method of enabling persons not desiring to actively participate in trade, to venture therein without exposing their entire estates to loss.

Once established, this form of association has persisted, and is to-day recognized by nearly all the States of the Union.

The provision of the statute authorizing limited partnerships must be substantially complied with, or those who associated under it will be liable as general partners. Henkel v. Heyman, 91 Ill. 96.

Such portions of the statute as look to the protection of persons dealing with the firm, are, in favor of the public, to be liberally construed, and must be strictly observed by the partners. Smith v. Argall, 6 Hill, 479; Argall v. Smith,

3 Denio, 435; Haggerty v. Foster, 103 Mass. 17–19; Maloney v. Bruce, 94 Pa. State, 249; Lachaise v. Marks, 4 E. D. Smith, 610–626; Fox v. Graham, Michigan Nisi Prius Cases, 90; Durant v. Abendroth, 69 N. Y. 148.

What portions of the statutes are designed for the protection of those who may deal with the firm? Manifestly, the statements of capital contributed by the special partners, the duration of the partnership, the names of the parties, and certainty as to their assent thereto.

Not only those proposing to become, but one who is a creditor, might be interested in an examination of the record which the law requires shall be made and kept.

The statute prescribes that "The persons desirous of forming such partnership shall make and severally sign a certificate" and that "such certificate shall be acknowledged by the several persons signing the same."

Whether acts required by the statute, not merely things which may be done by virtue of the natural right to contract, that is, whether the signing and acknowledging of the certificate are matters that can be delegated, is a question that we do not feel called to express an opinion upon, holding as we do that the certificate filed in the office of the clerk of the county, to be by him recorded in a book and kept subject to inspection by all persons, must be such that therefrom, and without outside inquiry or examination, it can be determined with certainty whom the parties forming such limited partnership are, and that each of them has joined therein and assented thereto; and that if it is permissible for a partner to sign and acknowledge such certificate by an attorney, the signing and acknowledgment by such attorney must be accompanied by evidence showing his authority to so act.

In the present case nothing appeared of record showing that Mr. Gaither had any warrant for doing what he did. One examining the record could not therefrom determine whether a limited partnership had been formed; to ascertain this he was required to prosecute outside inquiry. There was before him nothing tending to show where or

Cummings v. Hayes.

when either Mr. Gaither or Mr. Cummings could be found, or when or in what manner, if at all, Mr. Gaither had been constituted, for this purpose, the attorney of Mr. Cummings.

The inquirer, if considering whether he would extend credit, might desire to know with certainty whether Mr. Cummings was a general or special partner; if he who inspected the record was already a creditor, having an overdue claim, his decision whether he would proceed against the firm by attachment or otherwise, might depend upon whether he found that Mr. Cummings' entire estate could be holden for his debt, or only the amount put into the firm.

Mr. Cummings is no longer living. If Mr. Gaither had also died, it is easy to see how difficult, if not impossible it might have been to satisfactorily show that there ever was a power of attorney authorizing the signature and acknowledgment.

In the present case the power of attorney under which Mr. Gaither acted has been destroyed. Mr. Gaither, being yet living, is able to testify to its contents.

The statute was not in this case substantially complied with; a material and important omission was made; certainly in a matter vital to the interest of all dealing with the firm was withheld.

That in this there was no evil motive nor intent to evade the law is of no consequence.

Mr. Cummings and Mr. Howard were endeavoring to avail themselves of a privilege granted by statute, and it was incumbent upon them to see that there was compliance with every requirement of the law by which they sought to withdraw their general estates from the hazard of a business in which they engaged. Not having so complied, judgment for a debt of the firm has been rendered against their estates.

The judgment of the Superior Court is affirmed.